N. H. BELL ET AL., PLAINTIFFS IN ERROR, V. MINNIE ARNDT, DEFENDANT IN ERROR.

1. **Interest.** In the absence of an agreement in relation to interest, the rate fixed by statute is seven per cent; and in an action on an executor's bond to recover for money which the executor had been ordered to pay, but failed, interest on the amount due is to be computed at seven per cent.

2. ———. Interest in this state is allowed as compensation for the withholding of or the use of money, and not as punitive damages for the wrongful withholding thereof.

ERROR to the district court for Saunders county.    Tried below before POST, J.

*S. H. Sornberger*, for plaintiff in error.

*G. R. Gilkeson*, for defendant in error.

BY THE COURT.

The plaintiff in error was executor of the estate of William Arndt, deceased, from 1880 to 1884. At the latter date he was ordered by the probate court to pay over the sum of $402.95, which he failed to do. An action was thereupon brought against him and the sureties on his bond, and judgment rendered against him for $476.75, interest being computed at ten per cent.

The only error complained of in this court is the allowance of interest at ten per cent. The matter is regulated entirely by statute.

Sec. 2, Chap. 44, Comp. Stat., provides that, "Interest upon the loan or forbearance of money, goods, or things in action shall be at the rate of seven dollars per year upon one hundred dollars, unless a greater rate, not exceeding ten per cent per annum, be contracted for by the parties.

Sec. 3 provides that, "Interest on all decrees and judgments for the payment of money shall be from the date of the rendition thereof at the rate of seven dollars upon each one hundred dollars annually, until the same shall be paid ;. provided, that if said judgment or decree shall be founded upon any contract, either verbal or written, by the terms of which a greater rate of interest, not exceeding the amount allowed by law, than seven per centum shall have been agreed upon, the rate of interest upon such judgment or decree shall be the same as provided for by the terms of the contract upon which the same was founded."

Sec. 4 provides that, "On money due on any instrument in writing, or on settlement of an account from the day the balance shall be agreed upon, on money received to the use of another and retained without the owner's consent, express or implied, from the receipt thereof, and on money loaned or due, and withheld by unreasonable delay of payment, interest shall be allowed at the rate of seven per cent per annum. Unsettled accounts between parties shall bear interest after six months from the date of the last item thereof."

These sections seem to regulate the rate of interest in all cases where there is no agreement. In this state interest is allowed as compensation for the use of or withholding of money, and the rate of compensation fixed by law applies in all cases where there is no contract for a higher rate, which in no case can exceed ten per cent.

Clark v. State.

It is claimed on behalf of the defendant in error that, as the money was wrongfully withheld by the plaintiff in error, that, therefore he was liable for interest at ten per cent as a punishment of the wrongful retention of the money. But in this state punitive damages are not recoverable in any case, and therefore the highest rate of interest will not be imposed as a punishment. The court below, therefore, erred in allowing interest at a rate in excess of seven per cent, and the judgment will be modified by reducing the interest from ten to seven per cent, and as thus modified, the judgment is affirmed.

JUDGMENT ACCORDINGLY.

REESE, CH. J., did not sit.