THOMAS C. MARSHALL, APPELLANT, V. ROBERT A. PIGGOTT, APPELLEE.

FILED APRIL 4, 1907. No. 14,749.

Evidence examined, and *held* sufficient to sustain the judgment.

APPEAL from the district court for Thayer county: LESLIE G. HURD, JUDGE. *Affirmed.*

*T. C. Marshall, M. H. Weiss* and *Berge, Morning & Ledwith,* for appellant.

*C. L. Richards, contra.*

JACKSON, C.

The plaintiff is an attorney at law and succeeded to the business and assets of the firm of Marshall & Capron, of which firm he was the senior member. The professional services involved in this action were performed by the firm, and the use of the word plaintiff in connection with such services will relate to the firm. The action against the defendant is for services alleged to have been performed for the defendant personally. The defendant denied personal employment, and alleged the plaintiff was employed as attorney for an estate, of which the defendant was administrator, and was paid for all services performed in that behalf. It is not disputed that the defendant was first appointed special administrator and afterwards general administrator of the estate of Jabez J. Piggott, deceased; that the plaintiff took the necessary steps to secure both appointments and continued as counsel for the administrator during the entire administration

of the estate, advising and assisting him in that behalf in all matters before the county court; conducting litigation to secure possession of a portion of the personal estate; entering an appearance in an action brought in the federal court for the district of Nebraska by one of the heirs for the partition of the real estate, in which the defendant was made a party, both as administrator and personally, and procuring a stipulation whereby that action was dismissed; appearing in a similar proceeding brought in the district court for Thayer county, where final order of partition was entered; and also in a similar action in the state of Kansas involving real estate in that state; and also in the district and supreme courts of this state, where the final account of the administrator, involving the fees of the plaintiff, was taken by appeal; that the expenses and fees of the plaintiff in that behalf, amounting to several thousand dollars, were finally allowed and paid out of the estate of the decedent. The present action involves a claim for fees for services performed in the settlement of the estate in behalf of the defendant as an heir. The services are described in the petition as representing the defendant in handling his interest and settlement of the estate, consisting of a large amount of real estate scattered over Kansas and Nebraska, which was sold by partition proceedings in the district court for Chase county, Kansas, and in the district court for Thayer county, Nebraska, and representing the defendant in the partition action commenced in the United States district court, and in an action for specific performance brought in the district court for Thayer county, to which the defendant was a party defendant therein. A jury trial resulted in a verdict and judgment for the defendant, from which the plaintiff appeals.

The testimony is conflicting as to whether the plaintiff was employed by the defendant in a personal capacity. The plaintiff himself testified that the defendant came to the firm before the decedent, his uncle, died, and informed them that he was an heir, and consulted them because

the plaintiff had a personal knowledge regarding the affairs of the decedent; that he wanted their firm to represent him in the matter as, if the doctor should die, he wanted his interest looked after. They were consulted as to the advisibility of his taking the appointment as administrator, and they figured in what way he could get the most money out of the estate. It was a question of how much he could get, and they were guided by that all the time. That a reasonable retainer for that service would be $500. That the plaintiff also represented the defendant personally in the various partition proceedings, and represented his interests during the entire process of administration; that the defendant's interest in the estate amounted to about $3,500, and that the reasonable value of the whole of the services performed in that behalf was $800.

The defendant testified in effect that there was no personal employment of the plaintiff, that he had some general conversation with plaintiff prior to the death of his uncle with reference to the estate, but none with a view of personal employment. The defendant's testimony is strengthened by the fact that no charge was ever made against him by the plaintiff on the books, and that pending the setttlement of the estate the plaintiff wrote the defendant as follows: "1-5-01. R. A. Piggot, Bruning, Nebr. Dear Sir: We are in receipt of your favor of this date and herewith inclose you receipt for $310. This includes the amount of the piano and carpet, and we will see that you are protected. Of course, you understand the other attorneys get their pay from their clients, but we, representing the administrator, are paid out of the estate. Very truly yours, Marshall & Capron."

On the trial of the appeal from the final settlement of the administrator's accounts, including the charges of plaintiff for attorney's fees for services performed on behalf of the estate, the plaintiff was a witness, and testified, with reference to his employment and the services performed on behalf of the estate, that he was employed by

R. A. Piggott for the purpose of advising him and assisting in looking after the duties of special administrator immediately upon his appointment as such; that he was not consulted by the defendant with reference to the appointment, in fact he thought the defendant knew nothing about it until the appointment was made; that his employment was first by a brother of the deceased who resided in Illinois, and was the nearest relative; that he made application for the appointment of R. A. Piggott at the request of this brother, either by a telegram or letter. Asked as to whether he was employed by R. A. Piggott or by R. A. Piggott, special administrator, he answered: "R. Piggott employed me as special administrator." With reference to the partition proceedings pending in the federal court, he was asked whether he did anything except for the protection of the estate, whether or not the work was done for the administrator, and answered that it was. Concerning the fees claimed for the partition proceedings in Kansas he was asked: "Q. How much is the expense in connection with the Kansas land that you charged to your client and other heirs that you represented in that suit? A. I never charged them anything.   Q. You did not charge them any expense?   A. They never paid me anything for that service in connection with the Kansas land. Q. Why did you not charge them anything?   A. I had no charge to make.   I worked for the estate generally.   There was not one of them that paid me anything.   I had to go there for the estate generally; they never paid me a cent. I never made any charge for it in that connection."

It appears that in the various partition proceedings the interest of the defendant in the estate was always correctly stated and never questioned.   It is also in evidence that the plaintiff charged the estate $400 and expenses for services performed in the matter of procuring the appointment of the administrator; $500 in the partition proceedings in Kansas; $300 for services in the partition proceedings in the federal court, and at least $300 for services in the partition proceedings in Thayer county, besides

$3,000 for advice and assistance rendered the administrator in making reports, etc. Under this state of the facts it can hardly be said that the verdict and judgment do not find support in the evidence.

Complaint is made, however, that the court permitted the testimony of the plaintiff taken at the trial in the district court upon appeal from the settlement of the administrator's accounts. This evidence, however, was properly admitted as containing the declarations of the plaintiff against his own interest in the present litigation. It is urged, however, that no sufficient foundation was laid for the introduction of the evidence. We think the bill of exceptions containing the testimony was sufficiently identified. The plaintiff himself was asked: "Q. You testified, did you not, in the district court for Thayer county in the trial of a suit over the question of your attorney's fees as against the estate of Jabez J. Piggott? A. Yes, sir. Q. I will offer you this bill of exceptions, Mr. Marshall, and ask you to state whose signature appears upon said bill of exceptions in signing the same as attorney for Marshall & Capron and for the administrator? A. Well, that is my handwriting. Q. This bill of exceptions contains your testimony had in the court below, does it? A. I suppose it does, if it contains the whole record it is there. Q. It did? A. I think so." The objection to reading the testimony of plaintiff is couched in the following language: "To which plaintiff objects as incompetent, immaterial, and improper, not bearing upon the issue in this case, and not being proper for the purpose for which it is offered as impeaching testimony." We think this objection was properly overruled and the testimony rightfully received.

Complaint is also made that the court erred in receiving in evidence plaintiff's statement of his account against the estate. As we view it, the evidence had a direct bearing upon the issue and was properly received. Instruction No. 8, given by the court, is as follows: "The plaintiff is conceded to have been of counsel for the administrator

from the inception to the close of the administration. And you are instructed that he could not properly render services adverse to the administrator or against the interests of the estate as a whole, while such employment continued, and, if he had done so, could not lawfully recover compensation therefor. And if you find the plaintiff's claim herein is based on any such services, then, as to such items as you find to be of that nature, no compensation should be included in your verdict." It is urged against this instruction that no issue of inconsistency is tendered by the pleadings, and that no evidence is to be found in the record upon which this instruction could be based. We think the testimony of the plaintiff himself justified the giving of this instruction. If, as he says, the personal employment was for the purpose of aiding the defendant in getting all the money he could out of the estate of which he was administrator, such employment was not consistent with the duties of counsel who represented the estate as a whole.

The court admitted in evidence a letter from the plaintiff to the defendant, containing a statement of an account of expenses apparently incurred while the appeal in the probate matter was pending in the supreme court. In this action the plaintiff makes no claim for such items of expense, but he testified to having sent this statement to the defendant and receiving no response, and because of the failure to respond this action was brought. We think the evidence was properly admitted, as it tends to show that the demand for fees earned as personal counsel for the defendant was an afterthought, and perhaps by way of retaliation for the failure of the defendant to respond personally for the expense of counsel in the probate matter. It is a well-settled rule that every trust should bear the expense of its administration, and it is evident that the defendant was personally under no obligation to pay any part of the expense of the counsel in representing the estate.

We find no reversible error in the record, and recommend that the judgment be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.