In re Estate of William W. Wilson.
George E. Hibner, Administrator, appellee, v. J. R. Wilson et al., appellants.

Filed January 23, 1909.    No. 15,459.

1. Executors and Administrators: Accounting: Appeal. H. in his report as administrator of an estate claimed compensation for services. Said item was allowed in part and the remainder of his account approved. H. gave notice that he would appeal from the order diminishing his said claim, and gave a bond which referred solely thereto. Held, That the transcript filed in the district court did not bring up the entire account for review.

2. ———: Compensation: Legal Services. H., being an attorney at law, performed legal services in the administration of said estate. Held, That, if such services were necessary for the proper administration of said estate and beneficial thereto, the court in its discretion might allow the administrator reasonable compensation therefor.

3. ———: ———: Extraordinary Services. For services rendered by H. in a business way, such as collecting rents of real estate, paying taxes theron, insuring property, and attending to repairs, it was within the discretion of the court, if the evidence established that such services were extraordinary, to allow H. a reasonable compensation.

4. ———: ———: Appeal: Trial by Court. In the district court the claim should have been tried without the assistance of a jury.

5. Case Distinguished. Sheedy v. Sheedy, 36 Neb. 373, dintinguished.

Appeal from the district court for Lancaster county: Albert J. Cornish, Judge. Reversed.

*Mockett & Mattley, John M. Stewart, Robert Ryan* and *A. M. Harrah,* for appellants.

*Tibbets & Anderson, contra.*

ROOT, J.

This is an appeal from a judgment of the district court allowing plaintiff compensation for his services as administrator of the estate of William W. Wilson, deceased.

1. The estate consisted of two farms, three business buildings in the city of Lincoln, and choses in action amounting to $13,000, consisting of bank credits and promissory notes. Plaintiff claimed $2,775 for extraordinary services rendered in a business capacity and $2,000 fees as an attorney at law. The county judge allowed plaintiff but $2,000 for attorney fees and extraordinary services, and otherwise approved his account. Plaintiff thereupon gave notice of appeal "from the order of the court of June 26, 1906, in which the court fixes the compensation of this administrator for services rendered at two thousand dollars ($2,000), and the said George E. Hibner administrator prays the court to fix appeal bond on such appeal." The bond recites that the appeal is from the action of the court on Hibner's claim for compensation.

It is claimed by the heirs that the district court should have submitted to the jury every contested item in the administrator's account, whereas plaintiff claimed, and the district court held, that the record presented for consideration only the question of plaintiff's compensation. The appeal only transferred to the district court the controversy over the administrator's compensation. Although such claim was but part of the account, yet it was segregated as to subject matter and form. The remainder of the account relates to alleged disbursements by the administrator, and inquiry concerning the legality thereof would not involve a consideration of the value of the ad-

ministrator's services or the amount that he should be allowed therefor. If the heirs were dissatisfied with the action of the county court, they could have appealed generally and presented their complaints to the district court. *St. Paul Trust Co. v. Kittson*, 84 Minn. 493. The contrary view has been taken by the supreme court of Michigan in *Showers' Estate v. Morrill*, 41 Mich. 700, but the position of the Minnesota court appeals to us as better supported in reason and more likely to facilitate the transaction of business in our district courts. *Ribble v. Furmin*, 69 Neb. 38, 71 Neb. 108, cited by defendants, does not rule the instant case. In the cited case a belated creditor sought to have time extended so that he might file a claim against an estate. The county court denied the request, and on appeal to the district court the order of the county court was vacated and permission given the creditor to file his claim in the lower court. We held that the appeal brought the entire subject matter concerning the proposed claim to the district court. The claim in the *Ribble* case was a distinct controversy between the claimant and the representative of the estate. In the instant case the claim of the administrator for compensation is as clearly separate from the other part of his account.

2. It is contended that the administrator was not entitled to compensation other than the fees allowed by section 283, ch. 23, Comp. St. 1907. The succeeding section, however, permits such further allowance as the probate judge shall deem just and reasonable "for any extraordinary services not required of an executor or administrator in the common course of his duty." Defendants insist that many of the services for which plaintiff was given compensation were neither extraordinary nor out of the common course of his duty as such official, and that some of them did not relate to the administration of said estate. To some extent the claim is well founded. The estate, while considerable, was free from debt. After Hibner's appointment an attempt was made by interested parties to probate an alleged lost will of the deceased

wherein Hibner had been designated as executor. The litigation continued some time, and terminated in favor of the contestants. Mr. Hibner appeared as a witness for the proponents in said litigation, and claims to have given considerable attention to the case in the interest of the estate. Such conduct was entirely voluntary. Mr. Hibner was an officer of the county court, and had no proper concern with the outcome of the litigation over the will. If the will had been allowed, it would have been his duty as administrator to account to himself as executor. As it was defeated, he merely continued his duties as administrator. Pending the settlement of the estate Mr. Hibner brought an action for one of the heirs for a partition of the real estate of which Wilson died seized, and all parties interested were impleaded therein. Thereupon various of the heirs claimed that some of said litigants had received advancements from the deceased, and asked to have an accounting with regard thereto. It was charged that $5,000 had been advanced to Mr. Hibner's client, and plaintiff defeated that claim. He also succeeded in having an advancement of less than $2,000 charged against one of the other heirs. For none of those services should he, as administrator, be allowed compensation. All of the debts and funeral charges had then been paid. The deceased was not survived by a widow or any children. There were more than sufficient funds in the administrator's hands to pay all costs of administration, and he did not have any duty as such official to perform in said action, except to file a disclaimer if impleaded as a party therein. Plaintiff also claimed compensation because various of said heirs had frequently called at his office and talked with him about the estate and thereby secured his counsel. We do not understand that Mr. Hibner was thereby rendering the estate any service within or without the course of his duty. His duties were simple and easily understood—to collect the assets and rents, preserve and protect the estate, resist unlawful claims, and pay out

money on the order of the court or for the useful purposes of administration.

Plaintiff charged the estate $2,000 for legal services rendered. Defendants assert that plaintiff is not entitled to any compensation therefor, but we do not agree with them. The property of the estate was worth $80,000 and, if the administrator had been a layman, common prudence would have dictated that he secure counsel to assist him in said settlement. To the extent that such services were necessary and beneficial to the estate, he could have charged the estate therefor. *Marshall v. Piggott,* 78 Neb. 722; *Estate of Rapp v. Elgutter,* 77 Neb. 674. Section 284, ch. 23, Comp. St. 1907, authorizes the probate judge to allow for services extraordinary in their character and out of the common course of the duty of the administrator. While it would have been within the course of plaintiff's duty to have secured the services of an attorney, it was not within that duty for him to perform those services himself, and in the discretion of the court he may be allowed therefor. *Wisner v. Mabley Estate,* 74 Mich. 143. Plaintiff in his official capacity is a trustee and an officer of the court. *Henry v. Henry,* 73 Neb. 746. In such case, where the trustee seeks to charge the trust funds in his possession for his services, his claim should be closely scrutinized and the benefit of all doubt given to the estate.

3. As to the $2,775 claimed by plaintiff for extraordinary services rendered by him as a business man in securing tenants for the property, collecting rents, attending to repairs, securing insurance, hiring janitors, paying taxes, and looking after a heating plant used jointly by the estate and the First National Bank, we are of opinion that some allowance may be made in the discretion of the court therefor. No hard and fast rule can be laid down to govern all cases, nor can we do more in the instant one than to say that the trial court should exercise a wise discretion, so that neither the heirs of the decedent on the one hand nor the officer of the probate court on the other will be dealt with unjustly in this matter. In the instant

case the administrator seems to have exercised most commendable diligence and to have collected some $15,000 in rentals without any loss to the estate, and no injustice will be done defendants by making a reasonable allowance to him therefor. *Ivey v. Coleman,* 42 Ala. 409; *Estate of Beideman,* Myr. Prob. Rep. (Cal.) 66; *In re Estate of Wolfe,* 4 Ohio N. P. 336. It is evident, however, that the administrator was permitted to recover for services that should not have been charged against the estate.

4. As this case must be reversed, we suggest that the issues joined should be tried by the court, and not submitted to a jury. The subject matter of the litigation relates solely to remunerating an officer of the court for the transaction of its business. *Ford v. Ford,* 88 Wis. 122; *Schinz v. Schinz,* 90 Wis. 236; *In re King's Estate,* 113 Mich. 606. Unsatisfactory results will ordinarily follow submitting that question to a jury. Although we held in *Sheedy v. Sheedy,* 36 Neb. 373, that, on appeal from an order of the county court fixing a widow's allowance, either party was entitled to a jury trial, that rule does not apply in the instant case, nor will it control in the settlement of executors' or administrators' accounts, which, when resisted, present an accounting merely, to be determined by the judge, and not by twelve men who would not have the proper data before them or facilities for ascertaining and striking a proper balance.

The judgment of the district court, therefore, is reversed and the cause remanded for further proceedings.

REVERSED.

REESE, C. J., dissenting.

It is my opinion that the appeal of the administrator from the allowance of a part of his account opened up the whole question of the correctness of said account and that the district court erred in limiting the investigation to the one question of his compensation.

DEAN and ROSE, JJ., concur.