IN RE ESTATE OF WILLIAM W. WILSON.

STEPHEN E. COZAD, ADMINISTRATOR, ET AL., APPELLANTS, V.
CORA M. HIBNER, EXECUTRIX, APPELLEE.

FILED FEBRUARY 26, 1915.· No. 18,830.

1. Executors and Administrators: ACCOUNTING: INTERLOCUTORY ORDERS.
   Orders of the probate court adjusting or correcting accounts of an
   administrator, made while he is acting as such administrator, are
   interlocutory and not final until his discharge as administrator
   and final settlement of his accounts upon such discharge.

2. ———: ———: APPEAL: JURISDICTION. Upon appeal to the district
   court from an order of the county court adjusting or correcting
   the accounts of an administrator, the district court has juris-
   diction of the matters tried in the county court from which the
   appeal is taken.

3. ———: ———: ———: ———. When objection is made in the
   county court to certain specified items in the accounts of an
   administrator and trial is had in that court as to those items
   only, appeal to the district court from the decision thereon will
   give the district court jurisdiction only of the matters tried and
   appealed from.

4. ———: ———: ———: TRIAL BY COURT. Upon a former appeal of
   these parties it was determined by this court that objections to the
   report of an administrator should, upon appeal to the district
   court, be tried by the court, and not by a jury.

5. County Courts: JURISDICTION: EQUITY POWERS. The county court
   has exclusive original jurisdiction of the estate of deceased per-
   sons. In exercising that jurisdiction it may incidentally deter-
   mine equitable questions, but the county court has no general
   equitable jurisdiction.

6. Executors and Administrators: ACCOUNTING: OBJECTIONS. Upon ap-
   peal from the county court from an order correcting the accounts
   of an administrator, a pleading styled a "petition in equity," filed
   in behalf of the estate, alleging grounds for disallowing items· of
   credit and for additional debits in the administrator's report must
   be treated as objections to his report.

7. ———: ———: INTEREST. When an administrator in his report
   to the county court obtains an order allowing him credit for a
   certain sum of money as paid out by him in behalf of the estate,
   which sum he has not paid out, but thereafter retains for his

own use for several years, he may properly, in the discretion of the court, be charged with interest on such sum from the time that he obtained possession thereof as his own money and while he so retains it.

8. ———: ———: ———. An administrator is not chargeable with interest on money which he holds as administrator subject to the order of the court, unless he received interest thereon, or the circumstances are such that he might and ought to have received such interest. He cannot be allowed interest on money paid out by him for the estate while he holds a general balance in his hands.

9. ———: ———: ATTORNEY's FEES. An administrator is not entitled to charge against the estate attorney's fees and other expenses incurred by him in the contest with the heirs of the estate as to his alleged misappropriation of the funds of the estate.

10. ———: ———: COSTS. In such a contest, if there has been litigation between the administrator and the heirs of the estate and final judgment determining the liability for costs thereon, the administrator in his final settlement with the estate should be allowed such costs as are adjudged in his favor in such litigation, but not costs adjudged against him therein.

11. ———: ———: COST OF BOND. An administrator is entitled to credit for the cost of procuring and continuing his bond as administrator furnished by a bonding company under sec. 1500, Rev. St. 1913.

12. ———: ———: APPEAL: DISPOSITION OF CAUSE. When the county court has made a finding and order as to the heirs and the proportion of the estate to which each is entitled, and afterwards there is an appeal to the district court from an order correcting the accounts of the administrator, the district court, after determining the debits and credits of the administrator, should remand the cause to the county court for settlement of subsequent costs and expenses and for final distribution.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed as modified.*

*Robert Ryan* and *Mockett & Peterson,* for appellants.

*Tibbets, Anderson & Baylor* and *Claude S. Wilson,* contra.

SEDGWICK, J.

William W. Wilson died in 1901, and George E. Hibner was appointed administrator of his estate by the county

court of Lancaster county. In 1906 Hibner filed a report of his doings as administrator, and asked for an order approving his report and for his final discharge. Objections were filed, and on the 26th day of June, 1906, the court made an order upon the report and the objections. In this order the court fixed the compensation of the administrator for all services rendered by him, including services which he had rendered as special administrator, in the sum of $2,000. From this allowance of $2,000 the administrator appealed to the district court, and upon hearing in that court the order was made allowing a larger amount for his services, instead of the $2,000 allowed by the county court. From this judgment of the district court the heirs appealed to this court, and the judgment of the district court was reversed, because of the improper allowance of certain items. *In re Estate of Wilson*, 83 Neb. 252. Upon another trial in the district court $3,500 was allowed the administrator for his services, instead of the $2,000 formerly allowed by the county court, and upon appeal to this court the judgment was affirmed. 86 Neb. 175.

After the mandate of this court affirming that judgment had been filed in the district court, the heirs of Wilson filed in the county court a petition, alleging that in the former report of Mr. Hibner as administrator he had obtained a credit of $4,500, to which he was not entitled, as money paid out by him to one Evans in the settlement of Evans' claim that he was heir to the estate. It was alleged that in fact he had not paid out this amount, but still had it in his hands. It was also alleged that the administrator had a false credit of $23.25 in his report for expenses in relation to that matter. The heirs appear to have treated this as an equitable proceeding to modify the former order of the court upon the administrator's report, and they asked leave to file separate petitions. This leave was granted, and separate petitions were filed by each of the heirs, asking the county court to allow each of them such part of the $4,500 as it was claimed he was entitled to. Upon hearing in the county court, that court found that the allegations of the heirs were true; that the $4,500 ought to be distributed

among the heirs. From this order of the county court the administrator appealed to the district court in January, 1911. In February, 1911, the administrator filed in the county court a supplemental report showing receipts and disbursements for the period subsequent to the order of the county court upon the former report. Objections were filed to this supplemental report, and a hearing was had and an order made thereon, from which an appeal was taken to the district court. In the district court it was ordered that these two matters should be tried together. In the meantime Mr. Hibner died, and Stephen E. Cozad was appointed as administrator in his place. The new administrator filed in the district court a petition styled a petition in equity, setting out substantially the same matters as were alleged in the petitions of the heirs that had been filed in the county court, and alleging some other matters also. Upon trial in the district court, that court found that the reports of Mr. Hibner as administrator were right, and they were approved in all particulars, except in two specified particulars. From this order of the district court both parties have appealed to this court.

The parties in the briefs discuss questions of jurisdiction and innumerable other questions which it will be impossible to review here separately.

It will be observed that the controversy relates entirely to the accounts of the administrator and is between the administrator and the estate. We have observed no final order of the court discharging the administrator, and while he was serving as administrator orders of the court upon his accounts as such administrator were interlocutory only, and not final orders. *Bachelor v. Schmela*, 49 Neb. 37. The county court, therefore, had complete jurisdiction over the accounts of the administrator until his final discharge.

Upon an appeal to the district court that court would have jurisdiction of the matter tried in the county court from which the appeal was taken. In the proceedings begun by the heirs in the county court to modify the report of the administrator of 1906, the application of the heirs was specific and related to only two items of the report,

as above stated. Upon appeal from that order, therefore, the only question presented was as to those two items. When the administrator filed his supplemental report in February, 1911, that report purported to present his doings as administrator and his debits and credits subsequent to the former order of the county court. Objections were made to this report by the heirs, but there was no attempt to review any of the proceedings of the administrator except those contained in the supplemental report. The county court made an order upon the matters set forth in the supplemental report, and an appeal was taken to the district court. This appeal, therefore, would remove to the district court all of the matters involved in the supplemental report and the objections thereto.

It was determined upon the first appeal to this court from the allowance made to the administrator that the matter should have been tried by the court itself, and not by a jury. 83 Neb. 252. Such matters are, in the first instance, determined in the county court without a jury, and if appealed to the district court are to be determined in the same manner. The county court has exclusive original jurisdiction of the estates of deceased persons. In exercising that jurisdiction it may incidentally determine equitable questions, but the county court has no general equitable jurisdiction. An appeal, therefore, from the county court to the district court gives that court no general equitable jurisdiction. This was a proceeding in probate to correct the account of the administrator. The petitions filed and styled petitions in equity should therefore be treated as objections to the account of the administrator.

The administrator had not paid out the $4,500 for which he had been credited. The money was still in his hands, and there was no claim pending against the estate therefor. The district court, therefore, did right in charging his account with that amount. The district court also charged him with interest thereon from the time that he improperly obtained credit in the county court therefor, and this interest was also a proper charge. The court

refused to charge him with interest prior to the time that he obtained the improper credit, and this order was correct, because it does not appear in the record, so far as we have observed, that the administrator received any interest on the money prior to that time or could reasonably have received such interest. Upon the first appeal to this court, above referred to, it was determined that the administrator is entitled to compensation for services rendered the estate, and in a proper case may employ attorneys, but he is not entitled to reimbursements for attorney's fees or other expenditures incurred by him in his individual contest with the estate. The item of $23.25 expense is not, so far as we have observed, shown to have been improperly allowed.

Objection is made to the allowance of various items in the supplemental report filed in the county court in February, 1911. There were items in that report for expenses of continuing his bond as administrator which were paid by the administrator to a bonding company. All of these items were subsequent to the act of 1905, and were proper charges under that act. Rev. St. 1913, sec. 1500. Prior items of a similar nature were adjusted in the order of 1906, and were not included in the objections made to that adjustment. The district court, therefore, had no jurisdiction to review those items.

In the supplemental report of 1911, which was duly appealed from, the court allowed the administrator fees for attorneys employed by him in the contest between himself and the estate as to the settlement of his account and in the various appeals therefrom to the district and this court. Under the former holding of this court in the appeal referred to, these items were improperly allowed. The fees appear to be reasonable and just, but they were incurred by the administrator, not for the benefit of the estate, but in the contest against the estate, and such fees are chargeable to the administrator himself. These fees and costs paid by his attorneys as allowed by the county court amounted to $932.25. There is one item for services

97Neb.50

in making first settlement in county court which is not shown to be improperly allowed, amounting to $100. The remainder of these items should be charged to the administrator. The district court allowed the administrator on account of these fees $532.25 and interest thereon, amounting at the date of the decree to $611.72. Interest is not charged against the administrator on his general account, but only on the item of $4,500 from the time that he converted that amount to his own use by improperly taking credit therefor in his report. No interest, therefore, should be allowed him on his credits. There should therefore be charged to his account the further sum of $511.72 on account of the attorney's fees and costs improperly allowed.

The district court also allowed the administrator three items of court costs and expenses in the district court and this court in that litigation, which are objected to by the heirs, as follows: Printing brief $14.50; taking Evans' deposition $16.36; attorney's fees in Evans case $20; and the following items of costs improperly allowed to the attorney of the administrator: Commencement fee district court $5; filing fee 75 cents; transcript for appeal to district court $23.25; filing fee district court second appeal $3.25. The right to these costs was of course adjudicated in those actions themselves, and he should be allowed credit only for those costs that were taxed in his favor. Objection is also made to the allowance of compensation to the administrator for his services during the time covered by the supplemental report, but it was determined upon the appeal referred to that the administrator is entitled to such compensation. The trial court found that there was no such wilful malfeasance on the part of the administrator as would forfeit his rights as administrator, and, so far as we have observed, this finding is supported by the evidence.

It is objected that the district court should have determined all of the rights of the various heirs and the amount to which each is entitled, but we think that in this the trial court did right. The county court in the original order made a finding as to the heirs and the proportion of

In re Estate of Wilson.

the estate to which each is entitled, and that order, so far as we have observed, is not appealed from and is not now seriously questioned. The matter presented to the district court upon appeal was as to the account of the administrator, and the district court, after having settled those items of account, ordered: "That distributions be made in the proportions shown in the court's decrees, except as settlements have been made and advancements made, so as to give to each heir the amount due as may be found by the court after payment of costs. That this decision be certified to the county court for such proceedings as may be necessary in accordance therewith." This was the proper disposition of the matter.

The judgment of the district court is therefore modified, so as to add to the charges against the administrator the amount of attorneys' fees improperly allowed; $511.72, and so as to direct the county court to adjust the court costs specified in this opinion in accordance with the final judgments rendered in the litigation in which those costs were incurred, allowing to the administrator credit for those items only that were taxed in his favor. Interest also will be charged against the administrator's account on the $4,500 to the date of the final order hereon in the county court, and on the whole balance due the estate from the administrator from the entry of such final order until the same is paid to the present administrator. As so modified, the judgment of the district court is affirmed. Each party will be taxed with his own costs in this court.

MODIFIED AND AFFIRMED.

MORRISSEY, C. J., BARNES and HAMER, JJ., not sitting.