IN RE ESTATE OF MABEL FLORENCE MCADAM HERMAN. ROY L. MCADAM, ADMINISTRATOR DE BONIS NON, ET AL., APPELLANTS, V. E. L. HYDE, APPELLEE.

293 N. W. 353

FILED JULY 12, 1940. No. 30796.

*Golden P. Kratz,* for appellants.

*Neighbors & Danielson, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

It appears that Mabel Florence McAdam Herman, a resident of Greeley, Colorado, died on August 24, 1930. On September 28, 1931, her husband, Fred Louis Herman, filed a petition in the county court for Cheyenne county, Nebraska, asking for the administration of decedent's estate, and praying that E. L. Hyde be appointed administrator thereof. It was alleged that the deceased was the owner of a quarter-section of land in Cheyenne county, Nebraska, at the time of her death, and also of personal property situated therein. Letters of administration were issued on said estate on October 16, 1931, out of the county court for Cheyenne county, Nebraska, to E. L. Hyde, who qualified as administrator, and in due time filed his inventory, in proper form, scheduling the real estate of deceased, and money in the sum of $3,639.60.

Without detailing the delays and derelictions for which Hyde was responsible, it may be said that he tendered his resignation on the 28th day of May, 1938; that it was ac-

cepted by the county judge on the same day, and thereafter Roy L. McAdam was duly appointed as administrator *de bonis non*. On the hearing of Hyde's final account and report as administrator, the same was disallowed, and the county court further adjudged that there was due and unpaid from Hyde to the estate the sum of $4,820.49. Hyde thereupon prosecuted an appeal to the district court for Cheyenne county. On trial of the issues in the district court it was finally determined that there was but $671.71 due from Hyde to the estate of Mabel Florence McAdam Herman, deceased, which amount it was adjudged that he should pay to the administrator, and further comply with certain directions as to transfers to be made to the last-named party. From this judgment the objectors appeal.

With commendable frankness the appellants have clarified the issues to be decided on this appeal by the following language found in their brief, viz.:

"The difficulties involved in this lawsuit do not in any way touch upon the sums of money received by E. L. Hyde as the original administrator in this case. It is accepted. as a fact that all moneys due to the estate in so far as any of the parties know have been reported by him in the course of the litigation and the various reports. The difficulties which have arisen result from the improper handling, use and distribution of such funds, the loss of a portion thereof and the application of a portion thereof to payment of administrator's and attorney's fees."

We reduce the contentions of appellants to eight specific questions.

We are quite in agreement with the trial court that Hyde should not be charged with interest on the advancement of $800 to the husband of the decedent from date of advancement. While the advancement was made without formal sanction of the court, the husband, as such, was an heir and entitled ultimately to share in the estate. There were no claims then allowed, or in fact ever allowed, against the estate. The administrator then had possession of $3,639.60 belonging to his trust. His depositary, the Liberty State

Bank, had not yet closed its doors. The amount advanced did not exceed the distributive share of the accommodated party, and at the time of making the payment the administrator had no reason to believe that the transaction would result in any embarrassment to the estate. It was done in good faith.

"Advancements made by an administrator to an adult distributee or legatee are properly chargeable to him on a final accounting. The amount so advanced should be credited to the administrator against the share of the distributee. 'The accountant is entitled to credit against these to the full extent of payments made to them, whether ordered by the court or not.' 3 Woerner on Administration (3d ed.) 1793, sec. 519." *In re Stewart's Estate,* 145 Or. 460, 28 Pac. (2d) 642, 91 A. L. R. 818.

We are satisfied with the judgment of the trial court allowing the administrator credit for the amount of moneys of the estate kept by him in the Liberty State Bank, which, subsequent to the deposit, "closed its doors." The brief of appellants contains the statement that "there was no evidence to show that Mr. Hyde knew of the precarious condition of the Liberty State Bank at the time when the deposit was made or at any time prior to its closing." They suggest, however, that the deposit of the estate funds was made under the name of "E. L. Hyde, Adm.," and not as E. L. Hyde, administrator of the estate of Mabel Florence McAdam Herman, deceased. Assuming, but not determining, that this difference is material, the record discloses that the original bank books of the Liberty State Bank are lost. Secondary evidence as to the questioned entry is conflicting. Remembering that the trial court saw and heard the witnesses on this disputed fact, this tribunal accepts the conclusion in harmony with the views of the trial court, and determines the issue in harmony with its judgment.

We also agree with the trial court's determination that the payment of $75 to obtain an extension of the mortgage on the real property belonging to said estate, which was due March 4, 1932, was a proper and commendable exer-

cise of power by the administrator. There is no question but what the extension was actually secured, and justice demands that that amount be repaid by the estate receiving the benefit thereof.

Likewise, this court concurs in the allowance by the trial judge of the following expenditures, made after October 16, 1932, viz.: Four bond premiums paid for extension or renewal of administrator's bond of $10 each, amounting to $40; real estate taxes accrued on the estate's real estate for 1932, 1933, 1934, and 1935, in amounts of $52.34, $57.70, $68.68, and $67.46, respectively, and the interest accruing thereon; also personal taxes assessed on personal property owned by this estate, and paid for 1933 and 1934, of $4.28 and $12.47, respectively, and interest accruing thereon.

During the period of the extension of his official bond which the payment of the $40 in premiums secured (though irregularly made) this administrator performed items of service for his trust and made the expenditures from the trust funds in his possession hereinbefore enumerated, which were necessary and resulted in benefit to the estate. In addition, he was enabled from time to time to collect and receive the dividends paid by the insolvent bank in which the funds of the estate had been deposited. In view of all the circumstances disclosed by this record, we are impressed with the view that the district court properly credited the administrator with the expenditures above made.

Under the circumstances of the instant case, this court concurs in the action of the district court in fixing the amount of the administrator's compensation at the sum of $85.69.

"The general rule on the subject of the fiduciary's compensation is that the amount thereof, or, whether for maladministration, he should be denied all compensation, is within the sound judicial discretion of the court, to be exercised according to the circumstances of the particular case." *Cannon v. Searles*, 150 Va. 738, 143 S. E. 495.

See, also, *In re Estate of Mowrey*, 210 Ia. 923, 232 N. W. 82; *Succession of Gandolfo*, 173 La. 190, 136 So. 561.

The refusal of the trial court, under the circumstances of this case, to exact compound interest appears to be in accord with the principles approved by this tribunal. *In re Estate of Bullion*, 87 Neb. 700, 128 N. W. 32; *Bell v. Arndt*, 24 Neb. 261, 38 N. W. 750.

It may be said that Hyde claimed credit for the sum of $350 for an administrator's fees and for an attorney's fee (for services performed by himself) and also credit for the sum of $35 expended by him in payment of what is described as the "Bates note." These claimed credits amount to $384.89 ($385). The district court exacted interest from Hyde at the statutory rate on all moneys of the estate in his hands on October 16, 1932 (the time allowed for closing the estate to October 25, 1938, the date of hearing in the county court). The interest so exacted aggregates the sum of $472.51. The total amount which the accounts of the administrator were surcharged thus amounted to the sum of $857.40. However, the district court credited this administrator's account with the following: Administrator's fee allowed Hyde, $85.69; attorney's fee allowed Hyde, $100; total $185.69. This left a net balance due the estate by Hyde of $671.71.

We are not in accord with the order of the district court in its order of allowance of an attorney fee for services performed as attorney for the administrator in defending his final account against the attack of the heirs of the estate and the administrator *de bonis non*. These charges for attorney's services were incurred not for the benefit of the estate and those interested therein, but for the benefit of the appellee, the ex-administrator thereof. In principle, the question here presented was settled by this court adversely to the contention now made, as will be seen from the following excerpt from the opinion of this court in *In re Estate of Wilson*, 97 Neb. 780, 151 N. W. 316. In the *Wilson* case the controlling facts were quite similar to the facts in the instant case. We announced our conclusion in the following terms, viz.:

"In the supplemental report of 1911, which was duly ap-

pealed from, the court allowed the administrator fees for attorneys employed by him in the contest between himself and the estate as to the settlement of his account and in the various appeals therefrom to the district and this court. Under the former holding of this court in the appeal referred to, these items were improperly allowed. The fees appear to be reasonable and just, but they were incurred by the administrator, not for the benefit of the estate, but in the contest against the estate, and such fees are chargeable to the administrator himself. These fees and costs paid by his attorneys as allowed by the county court amounted to $932.25. There is one item for services in making first settlement in county court which is not shown to be improperly allowed, amounting to $100. The remainder of these items should be charged to the administrator."

We do not find that the trial court erred in taxing costs accruing in the district court (other than attorney fees) to the administrator *de bonis non,* but do determine that error was committed in the allowance of an attorney's fee to the appellee for defense of his final account in the district court.

The judgment and decree of the district court, entered upon consideration of the final account of the administrator, except as to allowance of attorney fees, is approved. In so far as this judgment directs the allowance of the sum of $100 as attorney fees for services of appellee's attorneys, the same is reversed. The case is hereby remanded to the district court, with orders to conform to the findings and directions herein contained.

AFFIRMED IN PART AND REVERSED IN PART.