In re Estate of Henry Rubeck, deceased. Emil Harry
Lund, appellee, v. Floyd Rubeck et al., appellants.

66 N. W. 2d 809

Filed November 19, 1954. No. 33580.

Leamer & Graham and Norris W. Leamer, for appel-
lants.

Harry N. Larson and John E. Newton, for appellee.

Heard before Simmons, C. J., Carter, Messmore,
Yeager, Chappell, Wenke, and Boslaugh, JJ.

Carter, J.

This is an appeal from an order of the district court
for Dixon County dismissing the objections of the ap-
pellants to the executor's final report in the estate of
Henry Rubeck, deceased.

Henry Rubeck died on April 15, 1937, leaving a will
which was admitted to probate on May 24, 1937. Let-
ters testamentary were issued to Emil Lund as execu-
tor of the estate. He continued to act as executor until
he resigned on September 4, 1953. He filed his final
report, and objections thereto were filed by the appel-
lants. It was approved by the county court, and an
appeal was taken to the district court by the appellants.
The executor filed his petition in the district court pray-
ing for the approval of his final account, the allowance

of executor's fees, and a reasonable allowance for the attorney for the estate. Appellants filed objections to the account of the executor and to the allowance of any fees to the executor and the attorney for the estate. The executor moved to dismiss the answer of the appellants for the reason that they were not real parties in interest. The motion was sustained and the answer was dismissed. The appellants bring the case to this court for review.

The deceased, Henry Rubeck, left surviving as his heirs at law, his wife, five daughters, four sons, and the daughter of a deceased son. The appellants are two sons, two daughters, and the daughter of the deceased son.

The body of the will of Henry Rubeck was in four paragraphs which provided in substance as follows: 1. He gave to his wife all his household furniture and all the rest of his personal property. 2. He devised to his wife, during her life, the use of his residence in Wakefield, Nebraska. 3. He gave his wife all the income, after taxes, insurance and ordinary expenses for upkeep of the improvements have been paid, from 200 acres of farm land described in the will. 4. He devised and bequeathed to his children all of his property, real, personal or mixed and directed his executor and trustee to sell the same after the death of his wife, at public or private sale, the proceeds to be divided between his children living at his wife's death and the heirs of deceased children surviving at her death.

Administration proceedings to settle the estate of a decedent are proceedings in rem, and every person interested in such settlement is a party thereto whether he is named or not. Any person, whether he be a devisee, legatee, creditor, or the owner of a contingent interest, may appear for the purpose of protecting his rights. It follows that any person beneficially interested in the estate embraced in an executor's final account may file objections thereto. In re Estate of Statz, 144

Neb. 154, 12 N. W. 2d 829. The beneficiaries of testamentary trusts may likewise file objections when their interests are involved. But unless a person has a beneficial interest in the final account he has no right to appear as an objector.

The objectors in the present proceeding are remaindermen under the will of Henry Rubeck. The will gave the widow all of his personal property, a life estate in the residence in Wakefield, and all the income from the 200-acre farm after the payment of taxes, insurance, and the ordinary expenses for upkeep of the improvements. It provides for the sale of the property and the distribution of the proceeds after the widow's death by the executor and trustee. The objections do not point out where the objectors are interested in the approval or disapproval of the final account. It is not asserted that the executor and trustee has failed to pay the taxes, insurance, and the ordinary expenses for the upkeep of the improvements. In fact, the chief objection seems to be to the expenditure of funds for new buildings and in rehabilitating old ones on the farm. This inures to the benefit of the remaindermen and does not constitute an injury to their beneficial interest. The cost is charged to income belonging to the widow, who appeared and asked for the approval of the executor's final account. There is no claim that the land has been improperly farmed, or that waste has been committed detrimental to the interests of these remaindermen. No contention is advanced, by pleading or otherwise, that funds of the estate are not available for the payment of attorney's and executor's fees or that the estate of the remaindermen is in any manner liable for their payment. Under such circumstances we fail to find any beneficial interest of these remaindermen which would be adversely affected by the approval of the executor's final report.

It is fundamental, we think, that where property is devised to the widow of testator for her life, and at her

death to his children, the children, during the life of the widow, cannot except to an allowance to the executor on behalf of and affecting alone the life interest. Where during the existence of the widow's life interest the property is held by a testamentary trustee under certain specified conditions, the remaindermen may not object to the trustee's report in the absence of an allegation of a breach of trust on his part affecting the beneficial interest of such remaindermen. An application of the foregoing rules required a dismissal of the objections of the appellants in the trial court.

AFFIRMED.

WENKE, J., dissenting.

I dissent from the majority opinion of the court for the reasons hereinafter set forth.

Henry Rubeck, a resident of Dixon County, died on April 15, 1937, leaving a last will and testament. The petition for the probate of his will shows he left as heirs at law the following: Hattie Rubeck, widow; Florence Lund, daughter; Ruth Rubeck, granddaughter; Alvin Rubeck, son; Pearl Ring, daughter; Silvia Adamson, daughter; Wesley Rubeck, son; Marie Long, daughter; Paul Rubeck, son; Floyd Rubeck, son; and Ruby Hansen, daughter.

The county court of Dixon County admitted and allowed his will to probate. Emil Harry Lund, one of the persons nominated in the will to serve as an executor and trustee of the estate, qualified as such on May 24, 1937. The will, insofar as here material, provides:

"I give and bequeath to my Wife Hattie all my household furniture, and all the rest of my personal property.

"I bequeath to my wife Hattie, during her life, the use of my Resident (residence) located on Lot Number One, and North half of Lot Number Two, Block Number Eighteen, South Addition to the City of Wakefield, Dixon County, Nebraska.

"I give and bequeath to my wife Hattie all income 'after taxes Insurance and ordinary expenses for up-

keep of the improvement have been paid' The Southeast Quarter (SE-¼) and the East 40 acres of the Southwest Quarter (40, a, SW-¼) all in Section Eleven (11) Township Twenty-six, (26) Range Four, (4) East of the 6th P. M. Wayne County, State of Nebraska. After the death of my wife Hattie

"I give, devise and bequeath to my children Florence Henrietta: Harvey Ritchard: Alvin Rudolph: Sylvia Ruth: Pearl Olive: Henry Wesley: Paul Adolph: Hattie Marie: Floyd Lawrence: Ruby Levarn: all my property real personal or mixed 'Real Estate above-stated' and I hereby direct and empower my executor's (executors) and trustees hereinafter named, 'of my estate' to sell and despose (dispose) of my property, as soon as practicable after the death of my wife Hattie, and to sell my real estate at auction or private, as it may in their judgment seem most advantageios (advantageous), or for the interest of my said devisees, after the expenses have been paid, the proseed (proceeds) of the sale be devided (divided) between my children living at my Wife's death, and the issue then living of such of them as shall be then dead leaving issue living at her death, and their respective heirs and assigns, as tenants in common, in equal shares as between brothers and sisters, but so that the issue of any child so dying shall take between them only the share their parents would have taken if living.".

Emil Harry Lund, whom I shall hereinafter refer to as executor-trustee, filed an application in the county court of Dixon County on June 27, 1953, asking for a full, complete, and final settlement of his account as such, for a reasonable allowance to him for his services as executor-trustee, for a reasonable allowance to his attorney for services rendered to him, and for his discharge. Thereupon the county court, as required by section 30-1415, R. R. S. 1943, gave notice to all persons interested in the estate thereof and fixed the time for hearing thereon at 10 a. m. on July 31, 1953. To

this final account Floyd Rubeck, Pearl Ring, Ruby Hansen, Ruth Paul, and Wesley Rubeck, who were heirs at law of decedent and also beneficiaries named in his will, filed objections. These objectors therein alleged the executor-trustee had failed to account for a fair and reasonable rental of the real estate and had wrongfully expended funds on improvements. They also objected to his request for an allowance of fees to himself and his attorney. To these objections the executor-trustee filed an answer claiming that the objectors, who he admitted were devisees under the will and owners of remainder interests in the estate, had no such interest in the final account that it could be said they were real parties in interest in the matter.

The county court approved the final account, with the sole exception of one item of $177.77 covering corn shelling costs, and allowed as fees for the services of the executor-trustee the sum of $1,828.40 and for the services of his attorney the sum of $480.70.

From this order the objectors appealed to the district court where the same issues were raised. The district court, after a hearing, sustained the executor-trustee's motion to dismiss the appeal based on the ground that the objectors were not real parties in interest. It is from this order that the objectors appealed, their motion for new trial having been overruled.

At the hearing in the district court evidence was introduced, or stipulations entered into, which show the deceased died seized of a 200-acre farm in Wayne County, a residence located in that part of Wakefield that is in Dixon County, and personal property of the value of $2,666.35, all of which remain as assets of the estate although the executor-trustee has converted part of the personal property to cash.

"Administration proceedings to settle the estate of a decedent are proceedings in rem, and every person interested in such settlement is a party in the county court whether he is named or not. He may appear for

the purpose of protecting his interests in the county court, and an appeal to the district court removes the whole case to the district court." In re Estate of Statz, 144 Neb. 154, 12 N. W. 2d 829. See, also, In re Estate of Marsh, 145 Neb. 559, 17 N. W. 2d 471.

"The general rule is that any person beneficially interested in the estate embraced in an administration account may cite the executor or administrator to file an account, object, or file objections to the terms or matters contained in the account, * * *." In re Estate of Statz, *supra*.

Such objections should be disposed of in a legal manner and not be summarily dismissed on the assumption, without proof, that the objectors are not heirs, legatees, or distributees. See In re Estate of Statz, *supra*.

County courts have exclusive original jurisdiction of all matters relating to the settlement of the estates of deceased persons and the only jurisdiction thereof which the district court can acquire is by appellate procedure. However, an appeal from the county court, when perfected, confers upon the district court in the matter appealed the same power possessed by the county court. See Egan v. Bunner, 155 Neb. 611, 52 N. W. 2d 820.

"Within this jurisdiction it has power over all proceedings before it, including the right to dismiss. In exercising this power it is the duty of the court to protect all parties to the proceeding, whether before the court in person or not, and any failure to do so is subject to review." In re Estate of Marsh, *supra*.

That parties interested in an estate may contest the right of the court to allow fees to the representative of an estate and for the services of his attorney, and the amount thereof, has often been determined by this court. In re Estate of Herman, 138 Neb. 430, 293 N. W. 353; In re Estate of Wilson, 97 Neb. 780, 151 N. W. 316; In re Estate of Wilson, 86 Neb. 175, 125 N. W. 158; In re Estate of Wilson, 83 Neb. 252, 119 N. W. 522.

As stated in 34 C. J. S., Executors and Administrators,

§ 880, p. 1056: "Persons affected by an allowance of compensation may appear and object thereto."

As to the question of the amount of rentals collected from the farm, together with the use thereof for the purposes of repairing the 'improvements thereon and erecting new buildings, I fully agree with the majority opinion that the objectors have no such interest therein that they can object thereto. That was a question solely for the widow and the record shows she fully approved the acts of the executor-trustee in that regard. But in regard to the allowance of fees to the executor-trustee and to his attorney, an entirely different situation exists. These fees are charges against the estate and payable from the assets thereof. Objectors, as beneficiaries named in the will, have an interest in the assets of the estate and, as such, can, under the factual situation here disclosed, properly question both the right of the executor-trustee and his attorney to fees, and, if allowable, the amount thereof. For the latter reason I think the dismissal of the appeal by the district court was in error. In my opinion it should have retained the cause for the purpose of determining these questions.

YEAGER and CHAPPELL, JJ., join in this dissent.