## THE STATE, EX REL. NAVE, *v.* WILSON ET AL.

ADMINISTRATOR.—*Mistakes in Reports.*—The accounts filed in court by an administrator, until final settlement, are not conclusive, either for or against him. They are to be regarded as *prima facie* correct, but frauds or mistakes in them may be corrected. Therefore, in a suit on an administrator's bond, it was not error to permit him to prove, over objection, that a certain sum, reported in an account current filed by him as being a balance to be accounted for, consisted of uncollected notes taken at the sale of the personal property of the estate or on sale of real estate of the

decedent, and that he had no money of the estate from the time of making such report until after said suit was brought.

MOTION FOR NEW TRIAL.—Assigning as a cause in a motion for a new trial " the receiving of improper evidence offered by the defendant, over the objection thereto by the plaintiff," or " the rejection of proper evidence offered by the plaintiff on the trial," is too general to present any question for review.

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave,* for appellant.

*L. M. Campbell,* for appellees.

WORDEN, J.—This was an action by the appellant against the appellees, upon the bond of Wilson as the administrator of the estate of David Matlock, deceased. We need not take up space by stating the alleged breaches of the bond, as no question arises upon the pleading. Issue, trial by the court, finding and judgment for the defendants, a motion for a new trial made by the plaintiff having been overruled.

No question is raised by the assignments of error other than such as is embraced in that assigned upon the overruling of a motion for a new trial.

The reasons filed for a new trial were the following:

1. That the decision of the court is contrary to law.

2. That the decision of the court is not sustained by the evidence given on the trial of said cause, and is contrary thereto.

3. Error of law occurring on the trial of said cause, and which was excepted to at the time by the said relator, Christian C. Nave, in this, that the court erred in excluding the evidence offered by the relator, to prove that the defendant David G. Wilson, administrator of the estate of David Matlock, deceased, had, in violation of law and his duty as such administrator, appropriated to his own use, and in payment of his own indebtedness, large sums of money belonging to the estate of David Matlock, deceased.

4. And for error of law occurring on the trial of said cause in suffering the defendant David G. Wilson, as a wit-

ness in said cause, to explain a certain report by him made as administrator of the estate of David Matlock, deceased, and to contradict the same.

5. The receiving of improper evidence offered by the defendants, over the objection thereto by the relator.

6. And the rejection of proper evidence offered by the relator, Christian C. Nave, on the trial.

With regard to the first and second reasons for a new trial, we may observe that we have examined the evidence, and from it we cannot say that the court below was not justified in finding for the defendants. The finding was by no means so clearly wrong as to justify this court in disturbing it.

The third reason is not shown by the record to have been well founded in point of fact. The record does not show that the court excluded evidence offered to prove that Wilson appropriated to his own use, and in payment of his own debts, money belonging to the estate. The plaintiff offered to read in evidence certain vouchers reported and filed by Wilson, as such administrator, for moneys paid out by him; but there was no offer to show that he had either paid debts of his own out of the money of the estate, or that he had otherwise appropriated it to his own use.

The fourth reason is based upon the following ruling:

At the May term of the court, for the year 1866, the administrator had filed an account current, in which he charged himself with "balance to be accounted for, $259.60."

On the trial, the administrator was permitted, over the objection and exception of the relator, to testify, that "the sum of $259.60, by him reported as being in his hands, at the May term, 1866, of the Hendricks Court of Common Pleas, consisted of uncollected notes taken at the sale of the personal property belonging to said estate, or on sale of real estate; that he had no money of said estate in his hands from the time of reporting said balance of $259.60 until after this suit was brought," etc.

The accounts filed by an administrator, until final settlement, are not conclusive, either for or against him. While

they are to be regarded. as *prima facie* correct, yet frauds or mistakes in them may be corrected. *Goodwin* v. *Goodwin,* 48 Ind. 584.

We are of opinion that no error was committed in permitting the administrator to explain that the apparent balance in his hands consisted of uncollected notes.

The fifth and sixth reasons for a new trial are too general to bring in review any question.

The judgment below is affirmed, with costs.