CLARA L. BACHELOR ET AL., APPELLANTS, V. FERDINAND SCHMELA, APPELLEE.

FILED SEPTEMBER 16, 1896.   No. 6558.

**Executors and Administrators:** ACCOUNTS: FINAL SETTLEMENT: JUDG-MENTS. The law recognizes a substantial difference between the final settlement of the accounts of an executor or administrator and those made annually or at stated periods during the course of the administration. A final settlement made pursuant to notice to persons interested in the estate is in the nature of a judgment and conclusive as to all matters included therein until reversed or set aside by means of a direct proceeding, or impeached on account of fraud, while an interlocutory *ex parte* accounting is but *prima facie* correct and subject to re-examination so long as the administration account remains unsettled.

APPEAL from the district court of Cuming county. Heard below before NORRIS, J.

*I. C. Bachelor, Uriah Bruner,* and *Mahoney & Smyth,* for appellants.

*M. McLaughlin* and *T. M. Franse, contra.*

POST, C. J.

In the year 1876 Andrew Bergtold died intestate in Cuming county, leaving surviving him, a widow, Amelia Bergtold, and three children under the age of three years. Said deceased at the time of his death was possessed of considerable property, consisting of houses and lots in the city of West Point and 160 acres of farm land situated in said county. The said Amelia, some time in the

year 1887, married the appellee, Ferdinand Schmela, who was shortly thereafter, upon the application of the former, appointed administrator of the estate of said deceased. Said estate was unincumbered by debts, and the only claim presented in response to the statutory notice to creditors was the charge for publishing said notice. In the month of February, 1879, on the application of said Amelia, the south half of lot 16, in block 15, in the city of West Point, including the dwelling-house of the deceased, was set off and assigned to her as her dower interest in the said estate, and which assignment was in due form confirmed by the county court. Thereafter the said Schmela, as administrator, proceeded. to erect upon the lot so assigned to his wife a brick block and to fit and furnish the same as a saloon, at a total cost of nearly $5,000, for which credit was claimed in the accounts rendered by him as such administrator. Said Schmela had in the meantime been appointed guardian of the infant children of the deceased, and although the record is not clear upon the subject, the inference therefrom is that he had, pursuant to license from the district judge for Cuming county, sold a portion of the property inherited by said children, to pay the alleged indebtedness of said estate. On the 14th day of April, 1887, said administrator exhibited to the county court his amended and supplemental report, showing a balance due him of $4,080.92, being for money expended in the erection of the aforesaid building upon his wife's dower estate. The court, upon the examination of the said account, made the following finding and order: "The court finds that said Ferd. Schmela, during the period covered by such report, acted as administrator and guardian at one and the same time; that his functions and acts as guardian were not well defined, but that there is no evidence that he acted in bad faith. * * * The court, being fully advised in the premises, finds said report to be correct. It is therefore considered, ordered, and adjudged that such report be, and the same hereby is, accepted and

approved, and that said administrator be allowed no compensation or attorney's fee. The court further finds that the services of the guardian *ad litem* herein are worth $100. It is therefore ordered that said guardian *ad litem*, Uriah Bruner, be allowed the sum of $100, to which finding and judgment the administrator excepts." Although we discover no record of an appeal or proceeding in error from the foregoing order, the district court, according to the transcript introduced in evidence, on the 19th day of December, 1887, found "that the report of said administrator made to the county court was cor- the guardian *ad litem*, and $250 to the administrator as tate on the 18th day of July, 1886, the sum of $4,080.92, which is still due and unpaid, with interest, and that the judgment of the county court is in all things confirmed, except as modified by this decree." The modification referred to consists in the allowance of $50 additional to the guardian *ad litem*, and $250 to the administrator as attorney's fees, payable out of the estate. In the month of February, 1893, said Schmela, claiming to be a creditor of the said estate, petitioned the county court for the appointment of an administrator *de bonis non*. Notice of such petition having been given, the said Amelia Schmela, and Clara L. Bachelor and Lilly Bergtold, children of the deceased, appeared and objected to the appointment of an administrator, on the ground, among others, that said Schmela was not a creditor of said estate, and that his alleged claim was, on the contrary, false and fraudulent. Upon a hearing before the county court said objections were overruled and letters of administration issued to Emil Heller in accordance with the prayer of said petition, which order was, on appeal to the district court, in all things confirmed, and from which judgment an appeal has by the heirs mentioned been prosecuted to this court.

The alleged indebtedness of said estate to the appellee, Schmela, is a balance of $1,300 and interest of the $4,080.92 claimed by the latter in the report to which

reference has been made, after applying thereon money in his hands realized, presumably, from the sale of appellants' property. It is, in our view of the case as presented, necessary to notice a few only of the propositions discussed by counsel for appellants.

As to the evidence adduced in support of appellee's claim for money expended in improving his wife's dower estate we are not advised, and from the record before us, which is of the most confusing and unsatisfactory character, we can perceive no foundation for such a demand. It is reasonably certain from the proofs before us that the property of the deceased, except the lot assigned to the widow as her dower interest, and two others valued at $1,100, according to appellee's sworn statement, had been disposed of by him previous to his removal for cause. What is now in fact proposed is to exhaust the remnant of the property inherited by these appellants from the deceased in the improvement of a single lot incumbered by the widow's life estate. Comment upon that proposition is unnecessary. Nor, indeed, is argument required to prove that the claim upon which this proceeding rests arises out of a flagrant abuse by the appellee of his trust as administrator and guardian, which the law will neither sanction nor condone.

But the judgment in this case is defended upon the ground that the order approving the appellee's account is conclusive, and that the question of the validity of his said claim against the estate is now *res judicata*. There is, however, in this record no foundation for that contention. The final settlement of the accounts of an executor or administrator and his discharge by the judge or court having jurisdiction of the subject, upon the conditions and in the manner prescribed by statute, is, in contemplation of law, a judgment, and is conclusive as to all matters embraced therein until reversed or set aside by means of a direct proceeding for that purpose, or impeached for fraud. There is a recognized and substantial difference between a final settlement of the character

above indicated and the approval of accounts rendered from time to time during the course of the administration. The latter is, to use the language of Judge Brewer in *Musick v. Beebe*, 17 Kan., 47, "simply a statement of the administrator that he has received such amounts and paid out such, and the approval finds that statement to be true. It is, therefore, in the nature of an adjudication, a judicial determination; but it is, so to speak, only a present adjudication and *prima facie* correct—one made for the purpose of enabling the court to keep watch of the estate and to control the disposition of its assets and the payment of its debts. * * * It may be challenged without appeal, and in the same court, and without motion for rehearing or any direct proceedings to set it aside, and any errors or mistakes in it may be corrected at any subsequent settlement. These accounts are settled *ex parte*, and without even the pretense of notice, by publication or otherwise, to any parties interested. But the final settlement of an estate is a more stringent and less easily avoided adjudication. It is more emphatically a judgment. True, it may by the probate court be opened up and the administration continued, but this requires a direct proceeding therefor." The effect there given an *ex parte* interlocutory accounting by an executor or administrator accords with the decided weight of authority, if, indeed, there exists a contrariety of opinion upon the subject. (See *Winborn v. King*, 35 Miss., 157; *Picot v. Biddle*, 35 Mo., 39; *Clark v. Cress*, 20 Ia., 50; *In re Heath's Estate*, 58 Ia., 36; *Goodwin v. Goodwin*, 48 Ind., 584; *State v. Wilson*, 51 Ind., 96; *Griggs v. Shaw*, 42 N. J. Eq., 631.) And that the authorities above cited are applicable to like orders under our statute is quite apparent from an inspection of section 282, chapter 23, Compiled Statutes, entitled "Decedents," which requires every executor or administrator to render an account within one year from the date of his appointment, but without making any provision for notice of such accounting; also, section 287 of the same

chapter, requiring notice to all persons interested of the allowance of the administration account of any executor or administrator. There is in this proceeding nothing to indicate that the report here referred to was intended as final accounting by the appellee, or that it was so regarded by the court, and we are not required to indulge any mere speculation in order to sustain a transaction so manifestly unconscionable as that upon which the appellee's claim depends. In no just or legal sense is the appellee shown to be a creditor of the estate of said Andrew Bergtold or entitled to insist upon the appointment of the administrator thereof. The judgment of the district court will accordingly be reversed and the cause remanded, with direction to reverse the order of the county court.

REVERSED AND REMANDED.