IN RE ESTATE OF POPE.
LYDIA E. POPE v. CHARLES C. McENDREE.

FILED JANUARY 18, 1906. No. 14,100.

Special Administrator, Removal of: FINAL ORDER. An order by a county court, made in a probate proceeding, removing a special administrator for cause and appointing another to serve in his place and stead, is a final order and appealable within the terms of section 42, chapter 20 of the Compiled Statutes.

ERROR to the district court for Merrick county: JAMES
G. REEDER, JUDGE.    *Reversed with directions.*

*Patterson & Patterson* and *J. J. Sullivan,* for plaintiff in
error.

*George W. Ayres, contra.*

AMES, C.

The plaintiff in error is the widow of James H. Pope,
deceased, who died leaving a will in which she is named
as sole residuary legatee and nominated as sole executrix.
Pending the probate of the will, which was contested, and
the issuance of letters testamentary thereon, she was ap-
pointed special administratrix of the estate pursuant to
section 180, chapter 23, Compiled Statutes 1903 (Ann. St.
5045), and duly qualified as such.    Afterwards the court
removed her for alleged negligence or misconduct in office
and appointed another to serve as special administrator in
her place and stead.    From the order of removal she ap-
pealed to the district court, where an appeal from an order
admitting the will to probate was also pending.    The
former appeal was dismissed on motion, on the ground
that the order of removal was not appealable.    From the
judgment of dismissal she prosecutes error.

The order of removal is evidently final as to Mrs. Pope,
who is directly and perhaps seriously affected thereby,
and is clearly appealable under section 42, chapter 20,
Compiled Statutes 1903 (Ann. St. 4823), which provides:
"In all matters of probate jurisdiction, appeals shall be
allowed from any final order, judgment, or decree of the
county court to the district court by any person against
whom any such order, judgment, or decree may be made or
who may be affected thereby."

It is therefore recommended that the judgment of the
district court be reversed and the cause remanded, with in-
structions to proceed upon the appeal as provided by law.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with instructions to proceed upon the appeal as provided by law.

REVERSED.