Elizabeth Estes *vs.* Probate Court of Town of East Providence.

DECEMBER 12, 1913.

Present: Johnson, C. J. Parkhurst, Sweetland, and Vincent, JJ.

(1) *Temporary Guardians. Interlocutory Decrees of Probate Court. Power to Modify or Revoke.*

Gen. Laws, 1909, cap. 307, § 6, providing for the modification or revocation by a probate court of an order or decree made upon an uncontested application, is restricted to such orders and decrees as are appealable.

(2) *Temporary Guardians. Interlocutory Decrees of Probate Court. Power to Modify or Revoke.*

As to certain non-appealable decrees a probate court has the power of modification and revocation, without express statutory provision. Within this class is the appointment of a temporary guardian under Gen. Laws, 1909, cap. 321, § 8. As to such act the probate court is not bound by its order first entered, if made erroneously or improvidently, but it has the inherent power to change or set it aside, unrestricted by the provisions of cap. 307, § 6.

Certiorari. Decree of probate court affirmed.

Sweetland, J. Upon the above entitled petition a writ of certiorari issued out of this court; and a transcript of the record of the proceedings of the probate court of East Providence, which the petitioner seeks to have reviewed, has been returned by said probate court to this court.

An inspection of the record discloses that on August 11th, 1913, the petitioner represented to said probate court that her husband, Hersey Estes, a person of full age, was of unsound mind, and prayed that she or some other suitable person should be appointed guardian of the person and estate of said Hersey Estes; that said petition was referred by said probate court to a later day for consideration; that upon said August 11th, 1913, the petitioner also prayed said probate court that she or some other person should be appointed temporary guardian of the person and estate of said Hersey Estes; that on said August 11th, 1913, said probate court after an *ex parte* hearing appointed said petitioner temporary guardian of the person and estate of said Hersey Estes upon the giving by her of her bond without sureties in the sum of $2,000, for the due performance of said trust.

It further appears from said record that on the 14th day of August, 1913, Susie Estes McCulloch and Helen Estes Johnson represented to said probate court that they are the only children of said Hersey Estes; that this petitioner is not a suitable person to act as temporary guardian of said Hersey Estes, and prayed said probate court to revoke or modify its decree of August 11th, 1913, by which it appointed the petitioner temporary guardian of said Hersey Estes; that on August 20th, 1913, after notice by citation served upon the petitioner and after hearing said probate court revoked its order of August 11th, 1913, by which it appointed the petitioner temporary guardian as aforesaid; and thereupon appointed one James H. Lenardson as the temporary guardian of the person and estate of Hersey Estes; and that said James H. Lenardson has duly qualified as such temporary guardian. It further appears from said record that said probate court has not appointed a permanent guardian of said Hersey Estes and that it has not considered said petition asking for such appointment.

(1)    The petitioner claims that the action of said probate court taken on August 20th, 1913, by which it sought to revoke its prior order of August 11th, 1913, whereby it had

appointed the petitioner as said temporary guardian was, illegal and without jurisdiction; and that the record of said probate court so far as said record relates to the revocation of its said decree of August 11th, 1913, and to the said appointment of James H. Lenardson should be quashed.

The power of the probate court to appoint temporary guardians and the term for which such guardians shall hold said trust are provided for in General Laws, 1909, Chapter 321, §§ 8 and 9, which are as follows:

"Sec. 8. The probate court for cause shown after such notice as it shall direct, pending any application for the appointment of a guardian, or pending any appeal from a decree appointing a guardian, may, if it shall deem proper, appoint a temporary guardian of the respondent.

"Sec. 9. A temporary guardian shall hold his office until the question of appointment of a guardian be decided, or until he shall be discharged by the court of probate; and from the appointment of such temporary guardian there shall be no appeal."

It is apparent that in many cases the necessity for the appointment of a temporary guardian will arise. It would be a source of confusion, unwarrantable delay, and an entirely fruitless proceeding to permit an appeal from such action of the probate court, which action is interlocutory in its nature and is taken for the temporary protection of the ward and his estate until the vital matter involved, *i. e.*, the question of the appointment of a permanent guardian, can be determined.

For obvious reasons the statute does not permit an appeal either from the determination that a temporary guardian is necessary or from the choice made by the court of a person suitable for that office. It would however be a serious defect in procedure if the court was left without power to revoke its order appointing a temporary guardian, which order, generally, as in this case, is made on an *ex parte* representation, when upon further consideration by the court a tempo-

rary guardian is shown to be unnecessary or the person appointed is found to be unfit. Gen. Laws, 1909, Chapter 307, § 6, provides as follows for the modification or revocation by a probate court of an order or decree made upon an uncontested application: "Any probate court may modify or revoke any order or decree made by it on an uncontested application before appeal therefrom, or, if no appeal is taken, before the time for taking an appeal has expired, and, if made in reference to the settlement of any estate, also before the final settlement thereof, upon the written application of any person interested therein, and after notice of the time and place of hearing thereon appointed by the court, given in the manner prescribed by it, to the person having charge of such estate and to all other interested parties; and upon any modification or revocation, there shall be the same right of and time for appeal as in case of any other order or decree."

The petitioner contends that the power given in said section to probate courts is restricted to such orders and decrees as are appealable, and does not extend to an order or decree appointing a temporary guardian from which there can be no appeal; and further, that there is no power in probate courts to modify or amend their decrees save as is conferred in said section.

We are of the opinion that the petitioner's contention with regard to the limitation of the power of modification and revocation contained in said section is correct. A consideration of all its provisions leads us to construe the section as relating solely to appealable decrees and orders. We are of the opinion, however, that as to certain decrees the probate court has the power in question without (2) express provision of the statute. Our statute provides that as to most orders and decrees of the probate court an appeal may be taken by any person aggrieved, whether such orders or decrees are in their nature interlocutory or final. As to certain orders and decrees, all of which are interlocutory, a

contrary provision has been made.   Such are the provisions in Gen. Laws, 1909, in cases of the appointment of temporary guardians, Chapter 321, § 9, of the advice and direction given to an executor, administrator or guardian, Chapter 311, § 19, of the permission to annex the original instrument purporting to be a last will to a commission to take depositions, Chapter 310, § 15, of the permission to make an addition to a commissioner's report upon an insolvent estate, Chapter 314, § 37, of the advice and approval of the commitment by his guardian of an habitual drunkard to a curative hospital, Chapter 321, § 13, of an order authorizing a guardian to sell personal estate for better investment, Chapter 321, § 31.   Further, this court has said in *Tillinghast* v. *Brown University,* 24 R. I. 179, that there are other acts of a probate court, not specifically excepted by the statute, which from their nature are not intended by the general term used in the statute with reference to probate appeals:   "For instance, it would be absurd to hold that the issue of summonses to witnesses or citations to parties or the appointment of *guardians ad litem* or general orders for issue of process, incident to but not affecting the decisions of the questions before the court, could be made the subjects of appeals with the resulting delay which would practically postpone indefinitely the remedies sought."

As to each of these acts of probate courts, specified in the statute or referred to by this court in *Tillinghast* v. *Brown University, supra,* from which there is no appeal, the court is not bound by its order first entered, if upon further consideration it finds such order to have been erroneously and improvidently made.   There is a power inherent in the court to change such order or to set it aside.   The authority to do this arises from the nature of the order or decree in question and does not depend upon the grant of power contained in said Chapter 307, Section 6; nor is it restricted by the provisions of that section.   Orders and decrees of this nature are all interlocutory.   They merely assist in furthering the proceedings before the court, but are not the final decisions

in such proceedings. Each of such orders and decrees being interlocutory, not appealable, not affected by the provisions of said Section 6, Chapter 307, nor by any other statutory provision with respect to its possible revision, is governed as to revocation by the ordinary principle relating to interlocutory decrees. Such an order or decree remains subject to the control of the probate court, and is open to reconsideration, modification or revocation by that court until the entry of final decree in the proceeding, or in the particular branch of the proceeding, in which such interlocutory order or decree has been made; as in the case of the appointment of a temporary guardian, such control continues until a permanent guardian has been appointed. With reference to some of these interlocutory orders, the power of revocation by the court remains as long as revocation is possible in view of the subject-matter of the order; as in the case of an order authorizing the sale of a ward's personal estate for better investment, the court's control continues until such sale is made.

We are therefore of the opinion that the probate court of East Providence did not exceed its jurisdiction by the entry of said decree of August 20th, 1913, wherein it revoked its former decree of August 11th, 1913, appointing this petitioner the temporary guardian of said Hersey Estes.

The decree of said probate court, as to which the petitioner has sought review, is hereby affirmed.

*Charles H. McKenna,* for petitioner.
*Bassett & Raymond,* for respondent.