# IN THE MATTER OF THE ESTATE OF JAMES OSWALD LUTTED, DECEASED.

## MOTION TO DISMISS APPEAL.

ARGUED AUGUST 2, 1915.          DECIDED AUGUST 4, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*order appointing special administrator.*
    An order made by a circuit judge appointing a special administrator is interlocutory and not appealable.

OPINION OF THE COURT BY ROBERTSON, C.J.

On July 13, 1915, by an order made by the circuit judge sitting in probate, the will of one James Oswald Lutted, deceased, was admitted to probate and Elia A. C. Long was appointed administrator-with-the-will-annexed of the estate. From that order Mrs. Sledge, the daughter of the decedent, and a beneficiary under the will, appealed to this court, the appeal being now pending. On July 20, 1915, the circuit judge, upon the petition of a Mrs. Brown, a devisee named in the will, made an order appointing the said Long as a special administrator of

the estate. Mrs. Sledge at once appealed from that order. For present purposes it is assumed that a proper and sufficient showing for the appointment of a special administrator *pendente lite* was made. This is a motion filed in this court by Mrs. Brown that the appeal from the order of July 20 be placed upon the calendar and dismissed upon the ground that an order appointing a special administrator is not one from which an appeal will lie to this court.

In this Territory there is no statute dealing with the appointment of special administrators, hence, the right to appoint such, and their status after appointment, rest upon the common law. We have no doubt but that the circuit judges in this Territory, in exercise of the jurisdiction in probate conferred upon them by law, have authority, in proper cases, to appoint special administrators whose duty it would be to collect and conserve the property of the estate for the time being and until the appointment of a permanent executor or administrator. The duties of a special administrator are similar to those of a receiver in chancery. See 1 Woerner's Am. Law of Adm. Sec. 181. "An administrator *pendente lite* has been said to be not properly the representative of the deceased, but rather an appointee or officer of the court, his office closely resembling that of a receiver in chancery." 18 Cyc. 1326.

Whether or not an appeal will lie from an order appointing a special administrator depends upon statute. Counsel for the movant cites *Pratt* v. *Kitterell,* 15 N. C. 144; *McClanahan* v. *McClanahan,* 59 Tenn. 379, and *In re Est. Carpenter,* 73 Cal. 202, holding that under the statutes of their respective jurisdictions such an order is not an appealable one. In the case of *Estes* v. *Probate Court,* 88 Atl. 977, the supreme court of Rhode Island regarded an order appointing a temporary guardian for an incompetent as interlocutory and not appealable. Opposite counsel cites *Long* v. *Richardson,* 62 S. W. (Tex.) 964, wherein it was held that under the statutes of Texas an order refusing to appoint a temporary administrator is an appealable one. In

*In re Est. of Pope,* 75 Neb. 550, an order removing a special administratrix was held to be a final and appealable order. Under our statutes the appealability of such an order depends upon whether or not it is to be regarded as a final order. If it is a merely interlocutory order no appeal lies unless it has been expressly allowed by the circuit judge. The appeal in this case was not so allowed.

We think the purpose for which a special administrator is appointed shows that such an appointment is in its nature interlocutory. The order of appointment adjudicates no property rights; it determines nothing except that property should be conserved and protected from loss or injury until some one shall be appointed and authorized to take possession of the estate for the purpose of administering it. If such an order were appealable it would tend to defeat the very object for which temporary administrators are recognized by the law. Following the analogy of the appointment of a receiver, an order appointing a temporary administrator is to be regarded as interlocutory and not appealable. "Orders appointing, removing, refusing to appoint, or refusing to remove receivers are generally deemed to be interlocutory and hence not appealable unless the statute authorizes an appeal." 2 Cyc. 611. See also, 2 Enc. Pl. & Pr. 121; *Amer. Const. Co.* v. *Jacksonville &c. R. Co.,* 148 U. S. 372, 378; *Milwaukee &c. R. Co.* v. *Soutter,* 154 U. S. 540. In the absence of any contention to the contrary this was assumed to be the rule in the case of *Oyama* v. *Stuart,* ante p. 693.

We hold that the order appointing the special administrator in this case was not a final and appealable order. The motion is, therefore, granted, and the appeal is dismissed.

*W. T. Carden* for the motion.

*E. C. Peters* contra.