# IN THE MATTER OF THE ESTATE OF CATHERINE J. SHADBOLT, DECEASED.

## No. 2095.

SUBMITTED MARCH 1, 1933.                    DECIDED MARCH 21, 1933.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon the following reserved question of law, namely: "Notice to creditors having been published by Bishop Trust Company, Limited, as temporary administrator of the estate of the above named decedent, is it now necessary for Cyril F. Damon and Bishop Trust Company, Limited, as executors of the will of the above named decedent, to publish notice to creditors?"

The foregoing question is based upon the recital contained in the circuit judge's reservation that it appears to the court "that the said Cyril F. Damon and Bishop Trust Company, Limited, are the duly appointed, qualified and acting executors of the will of Catherine J. Shadbolt, deceased, having been appointed on the 10th day of May, 1932, by order of this court on said date; that Harry C. Shadbolt, by stipulation approved by order of this court dated the 11 day of February, 1932, is entitled to a share of said decedent's estate; that on the 21st day of January, 1932, Bishop Trust Company, Limited, was appointed temporary administrator of the estate of the above named decedent, pending the outcome of a contest that had been filed to the probate of her will in the Territory of Hawaii; that it was duly qualified to act in said capacity; that pursuant to the order of the probate court dated the 9th day of June, 1932, Bishop Trust Company, Limited, as such temporary administrator, published notice to creditors in the Honolulu Advertiser, a newspaper printed and published in Honolulu, Territory of Hawaii, once a week in each of four successive weeks; that more than four months have elapsed since the publication of the first notice to creditors." The reservation is therein recited to have been made upon application of the parties. Attached to the reservation and referred to therein are certified copies of "(1) Affidavit of publication of notice to creditors by Bishop Trust Company,

Limited, as temporary administrator of the estate of Catherine J. Shadbolt, deceased; (2) order admitting will of Catherine J. Shadbolt, deceased, to probate and appointing Cyril F. Damon and Bishop Trust Company, Limited, the executors thereof; (3) letters testamentary; (4) order appointing Bishop Trust Company, Limited, temporary administrator; (5) letters of temporary administration; (6) order of circuit court directing temporary administrator to pay claims and to publish notice to creditors."

The order appointing temporary administrator, dated January 21, 1932, following its preliminary recitals, directs that the "Bishop Trust Company, Limited, an Hawaiian corporation, be and is appointed temporary administrator of the estate of Catherine J. Shadbolt, deceased, with power to collect, reduce to possession, and to preserve, for the parties ultimately entitled thereto, all the goods, chattels, effects, income, rents, issue, profits, claims and demands of the estate of said deceased; to take the charge and management of, enter upon and preserve from damage, waste and injury the real and personal property of the estate of said deceased, and for any such and all necessary purposes to employ agents and assistants, to incur such expenses and to commence and maintain and defend such suits and other legal proceedings as may be necessary in the premises. It is further ordered that said Bishop Trust Company, Limited, as such temporary administrator, forthwith file herein a full and complete inventory of all property belonging to or claimed by the estate of said deceased which has come to its knowledge whether or not said property or claim has actually come into its possession as such temporary administrator. It is further ordered that said Bishop Trust Company, Limited, serve and act as said temporary administrator without bond. And it appearing to the

court that the interests of the creditors of said deceased will not be adversely affected, it is hereby ordered that said Bishop Trust Company, Limited, be and is authorized to pay all lawful claims against the estate of said deceased."

A later order (item six in the reservation) dated June 9, 1932, recites and directs in part as follows: "Bishop Trust Company, Limited, having filed herein, as temporary administrator of the estate of the above named deceased, its petition praying for an order authorizing it to advertise to all creditors of the above named decedent to present their claims within four months from the date of the first advertisement, and for other purposes, and said petition having, after due notice, come on regularly for hearing, said temporary administrator appearing by its attorney Frank E. Thompson, the contestant Harry C. Shadbolt appearing by his attorneys Prosser, Anderson, Marx & Wrenn, and Francis Shadbolt, minor son of said decedent, appearing by his guardian E. H. Beebe and by Smith, Wild & Beebe, attorneys for said guardian, and the court being in all things advised in the premises, it is ordered that said Bishop Trust Company, Limited, as temporary administrator as aforesaid, be and it is hereby authorized and directed to advertise in the Honolulu Advertiser, a newspaper of general circulation in Honolulu, City and County of Honolulu, Territory of Hawaii, once in each of four successive weeks, a notice to all creditors of the above named deceased to present their claims with proper vouchers or duly authenticated copies thereof, even if the claim is secured by mortgage upon real estate, to it at its place of business in Honolulu within four months from the first day of publication. And if such claims be not presented within four (4) months from the first publication of the notice, they shall be forever barred." In conformity with said last named

order as set forth in the affidavit referred to as item one in the reservation, notice to creditors was published by said temporary administrator in the Honolulu Advertiser under dates of June 10, 17 and 24, and July 1, 1932. The notice was in the following form: "All creditors of Catherine J. Shadbolt, deceased, are hereby notified to present their claims with proper vouchers or duly authenticated copies thereof, even if the claim is secured by mortgage on real estate, to the undersigned at its office at King and Bishop Streets, Honolulu, T. H., within four (4) months from the date of the first publication of this notice or they will be forever barred." Order for probate of said will, as appears by item two, had theretofore been issued under date of May 10, 1932, but in said order issuance of letters testamentary had been "postponed pending determination of the residence of decedent." Letters testamentary in said matter (item three) were thereafter issued to the petitioners under date of February 15, 1933,—four days subsequent to the date of said reservation.

No point is made in the briefs upon which the reserved question is submitted of the incongruity in the judge's recital, conflicting, apparently, in part, with the above quoted exhibits, that the executors were "appointed on the 10th day of May, 1932," by order of said court on said last named date, and that publication of notice by the *temporary administrator* followed that event under order dated June 9, 1932. We shall assume, as the parties apparently have done, that the exhibits present the facts, that the order of issuance to the executors of letters testamentary followed and did not precede the order to and publication of notice by the temporary administrator, that the question of law reserved was actually and properly before the circuit judge for decision and that it is now properly before us for answer upon its merits.

The only direct reference in chapter 145, R. L. 1925, to temporary administrators and their powers and duties is in section 2485, which provides as follows: "Probate courts are authorized to order temporary administrators where the interest of other creditors would not be adversely affected, to pay lawful claims against the estate and a family allowance in all cases where an appointment of an administrator or an executor is held up by reason of contest." The foregoing section was enacted in 1923. Before its enactment, to-wit, in 1915, this court in *Estate of Lutted,* 22 Haw. 712, 713, 714, speaking through Chief Justice Robertson, said: "In this Territory there is no statute dealing with the appointment of special administrators, hence, the right to appoint such, and their status after appointment, rest upon the common law. We have no doubt but that the circuit judges in this Territory, in exercise of the jurisdiction in probate conferred upon them by law, have authority, in proper cases, to appoint special administrators whose duty it would be to collect and conserve the property of the estate for the time being and until the appointment of a permanent executor or administrator. The duties of a special administrator are similar to those of a receiver in chancery. See 1 Woerner's Am. Law of Adm. Sec. 181. 'An administrator *pendente lite* has been said to be not properly the representative of the deceased, but rather an appointee or officer of the court, his office closely resembling that of a receiver in chancery.' 18 Cyc. 1326." . Quoting further: "The order of appointment adjudicates no property rights; it determines nothing except that property should be conserved and protected from loss or injury until some one shall be appointed and authorized to take possession of the estate for the purpose of administering it." All, therefore, that section 2485 adds to the law theretofore in force is an express authorization to probate courts to order temporary

administrators in the event named to pay lawful claims and a family allowance. No attempt is therein made to extend its provisions to relieve the executor or administrator of any of the latter's statutory powers or duties with reference to the sale of real estate to pay debts, to the execution of bonds, to the filing of inventories and accounts, to distribution and to administration generally. These powers and duties remain as they were before, or as later provided. Nor does the foregoing section amend either expressly or by implication the earlier statutes of nonclaim, of limitations, or the statutes with reference to suits on rejected claims or to publication of notice to creditors. Such publication is still required under the provisions of section 2489, R. L. 1925, as amended by Act 28, L. 1929. This being true, the order of the circuit judge that the temporary administrator file an inventory of the property of the estate and advertise notice to creditors "with power * * * to commence and maintain and defend * * * suits and other legal proceedings," and with authorization "to pay all lawful claims against the estate of said deceased," did not and could not affect the above named statutory powers and duties of the executor, and the directions in the order of June 9, 1932, that the temporary administrator advertise notice to creditors with appended provision that "if such claims be not presented within four (4) months from the first publication of the notice, they shall be forever barred," followed by notice in conformity with said order, did not and could not deprive creditors of their rights against the estate and the executors nor accelerate the time within which such creditors must act under the statutes above referred to.

For the reasons above set forth the question of the circuit judge is answered in the affirmative.

*Prosser, Anderson, Marx & Wrenn* for H. C. Shadbolt.

*F. E. Thompson* and *M. K. Ashford* for the executors.