IN RE ESTATE OF SOPHIA LEHMAN.
RUTH PRESENT ET AL., APPELLEES, V. ARTHUR KOCHENTHAL ET AL., EXECUTORS, APPELLANTS.
283 N. W. 199

FILED JANUARY 6, 1939. NOS. 30430, 30431.

*Morsman & Maxwell,* for appellants.

*Webb, Beber, Klutznick & Kelley* and *Loyal G. Kaplan, contra.*

Heard before ROSE, C. J., PAINE, CARTER and MESSMORE, JJ., and LANDIS and KROGER, District Judges.

MESSMORE, J.

On August 1, 1927, Sophia Lehman, a resident of Omaha, Nebraska, died, leaving a last will and testament, listing some 35 legatees, most of whom were nephews and nieces. The personal property of the estate amounted to $76,894.07 and the real estate to $119,000, the total estate amounting to $195,984.07. The estate, due perhaps to economic conditions, appears to have been overvalued in the inventory. The will provided for the appointment, as executors, of Jesse Kochenthal, Arthur Kochenthal, both of Rochester, New York, and Maurice Ollhouse of Omaha, nephews of the deceased. Maurice Ollhouse lived with and cared for the property of Sophia Lehman during a part of her lifetime, and the will provided that he be allowed $1,000 a year, to be paid in instalments of $250 a quarter, as long as he managed the property of the estate as one of the executors. The will further provided that the executors have complete charge of the property of the estate, to supervise, rent, repair, insure and sell and convey the real estate, and exercise their own best judgment in the

care, supervision and sale thereof to the best advantage to the estate. Maurice Ollhouse left for Germany in August, 1929, and has never returned. The two remaining executors were then charged with the full responsibility of managing the estate. The deceased, by her will, exhibited full confidence in the executors; she required no judicial order to be obtained for the sale of real estate, and required no bond to be given. The executors gave a nominal bond in the sum of $100.

Two cases are before us in these appeals by the executors, and, by agreement, have been consolidated for purposes of briefing and presentation. A large number of pleadings in the county and district courts were filed, which will be hereinafter concisely set out.

In November, 1935, appellees filed in the county court an application for an order modifying former orders entered therein, in which the court allowed compensation to the executors in sums aggregating $8,200, and asking that the amount be reduced to the sum of $1,200, which appellees contend are the statutory amounts to be allowed in such cases. On May 8, 1936, the county court denied the appellees' application of November, 1935. July 15, 1936, appellees filed their application in the district court, setting forth the same allegations as by their application set forth in the county court, and praying for a modification of the decree of the county court accordingly. November 12, 1936, the executors filed their motion to dismiss the appeal, for the reason that the county court's order of May 8, 1936, was not a final order and was not, therefore, an appealable order. January 7, 1937, this motion was overruled. March 15, 1937, the executors demurred to appellees' application, challenging the sufficiency thereof. March 31, 1937, the demurrer was overruled. April 10, 1937, the executors filed their answer, challenging the sufficiency of the appellees' pleading, and, in addition thereto, giving the history of the proceedings and their acts as such executors, setting forth a history of the reports filed by them and the extraordinary services they claim

to have rendered the estate; further, that the decree of the county court entered June 6, 1928, was entered after due publication of notice to all parties in interest, as provided by law, from which no appeal was taken. The answer pleaded the account of the executors, covering their acts as such executors from April 30, 1928, to October 31, 1931, and the decree of the county court allowing $1,400 each to the three executors, pursuant to the decree of June 6, 1928; that in the decree of the county court of December 24, 1931, from which no appeal was taken, the court specifically found that appellants were entitled to compensation for their services in addition to the amount allowed them by the decree of June 6, 1928, but, owing to the small amount then in their hands for distribution among the residuary legatees on the account filed December 1, 1931, they had consented that the matter of the allowance to them therefor and the amount thereof be postponed; that on August 21, 1934, appellants filed their petition for the administration proceedings, setting forth that they had received no compensation for their services as executors subsequent to June 6, 1928; that the gross amount coming into their hands subsequent to April 30, 1928, from rentals and other income, was approximately $51,000; they asked for an allowance of $5,000; that on August 21, 1934, the court allowed $4,000 for services and directed that the amount be divided equally; that, pursuant to such order, $2,000 was paid to each of these executors, and such disbursements were shown in the account filed by the executors in the county court November 12, 1935, covering their acts for the period from October 31, 1931, to October 31, 1935, which amount was allowed by the county court December 9, 1935.

April 21, 1937, appellees filed a motion to strike all of the executors' answer, except their appointment and qualification as executors. May 24, 1937, the motion was sustained. February 5, 1938, judgment in the district court was entered in favor of appellees, finding: On June 6, 1928, the county court allowed $4,200 to appellants and

Maurice Ollhouse for services as executors, each executor to receive $1,400; on August 21, 1934, the county court allowed an additional sum of $4,000, divided between the two remaining executors, each receiving $2,000. The district court found that the reasonable value of the services rendered by appellants as executors of the estate, on account of which they were allowed $6,800, was not to exceed $2,400, and that the county court abused its discretion when it allowed the appellants any amount in excess of $2,400; modified the order, requiring the executors to pay back to the estate the difference between $6,800 and the sum of $2,400.

This appeal involves the allowances made by the county court to the executors, and the evidence in the county court is of a documentary character. An examination of the reports filed by the executors shows an accounting in detail of the amounts collected for rents from real estate and from personal property and disbursements made. One report discloses an adjudication of the claim of Maurice Ollhouse, filed in the estate proceedings, in the amount of $79,000, and the participation of the executors in the adjudication of such claim, resulting in special benefits to the estate, by settlement had thereon, in the sum of $8,500. The reports further disclose the requests for fees for services rendered by the executors, extraordinary and otherwise, and are sufficient in this respect, and show amounts on hand and requests for partial distribution. The reports also show that the executors requested continuance on payment of fees in their behalf, due to lack of sufficient funds at the time to pay both their fees and partial distribution as prayed.

The principal question is whether or not the order of the district court, overruling the motion to dismiss the appeal, determined that the order of the county court of May 8, 1936, appealed from, was a final order, subject to review on appeal, and whether or not the judgment of the district court determined that the order of the county court of August 21, 1934, awarding compensation to executors, was

a final order and subject to review on the appeal from the county court's order of May 8, 1936.

Section 30-1601, Comp. St. 1929, provides: "In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment, or decree of the county to the district court by any person against whom any such order, judgment or decree may be made or who may be affected thereby." This provision of the statute appears under article 16, "Appeals in Probate Matters."

In the case of *In re Estate of Creighton,* 91 Neb. 654, 136 N. W. 1001, this court held:

"The county court has exclusive, original jurisdiction of the probate of wills and the settlement of estates, and its final orders within its jurisdiction are binding upon all parties. * * *

"An order of the county court in the settlement of an estate, by which distribution is made of the assets, is appealable to the district court."

In *Bachelor v. Schmela,* 49 Neb. 37, 68 N. W. 378, it was held: "The law recognizes a substantial difference between the final settlement of the accounts of an executor or administrator and those made annually or at any stated periods during the course of the administration. A final settlement made pursuant to notice to persons interested in the estate is in the nature of a judgment and conclusive as to all matters included therein until reversed or set aside by means of a direct proceeding, or impeached on account of fraud, while an interlocutory (meaning intermediate and not final) *ex parte* accounting is but *prima facie* correct and subject to reexamination so long as the administration account remains unsettled." The case of *Boales v. Ferguson,* 55 Neb. 565, 76 N. W. 18, follows the rule as stated in *Bachelor v. Schmela, supra.*

In the case of *In re Estate of Wilson,* 97 Neb. 780, 151 N. W. 316, it was said: "It will be observed that the controversy relates entirely to the accounts of the administrator and is between the administrator and the estate. We have observed no final order of the court discharging

the administrator, and while he was serving as administrator orders of the court upon his accounts as such administrator were interlocutory only, and not final orders," —citing *Bachelor v. Schmela, supra.* The accounts filed by the executors in the instant case and allowed by the county court were allowed, as shown by the record, on statutory notice to all parties in interest. None of the accounts were final accounts. The notice was published by order of the court on each of the accounts.

Section 30-1414, Comp. St. 1929, in part provides: "Before the administration accounts of any executor or administrator shall be allowed, notice thereof shall be given to all persons interested, of the time and place of examining and allowing the same, and such notice shall be given by publication three (3) successive weeks in a legal newspaper published within the county, or if no legal newspaper is published within the county, then in a legal newspaper published in an adjoining county."

In *Thompson v. Pope,* 77 Neb. 338, 109 N. W. 498, we find this language at page 342: "Our statutes with reference to the collection and administration of the estates of deceased persons derive their origin in the first place from Massachusetts. It has been said that they have come to us by way of New Hampshire, Michigan and Wisconsin." The Massachusetts probate law is comprehensive but contains no provisions on notice, as shown by section 30-1414 of the Nebraska statute, but the Michigan statute, in substance, provides for notice and is similar to our provision of the statute in this respect, with the exception that oral notice may also be given.

In *Morton v. Johnston,* 124 Mich. 561, 83 N. W. 369, the Michigan statute was held to be applicable to all accounts of executors and administrators, whether final or intermediate. The court held that the case of *Musick v. Beebe,* 17 Kan. 47, did not apply in view of the Michigan statutes. The *Musick* case was referred to in *Bachelor v. Schmela, supra,* as authority for the court's decision.

In *Schinz v. Schinz,* 90 Wis. 236, 63 N. W. 162, there

was an order settling an intermediate account of the executor on notice to the parties in interest. The court said (p. 247): "The appellants now claim that this settlement was not final and conclusive upon the matters embraced in it. * * * We have no doubt of the right of the county court to settle and allow an executor's or administrator's account at any time before the rendition of his final account, upon notice as provided in the statute (R. S. sec. 3931), and that when thus settled and allowed it will be final and conclusive as to all matters embraced in it, and can be impeached and reopened only for fraud or mistake."

Thus, we have the appellants' contention and query as to whether or not the county court's orders in the instant case were final, or, if intermediate or interlocutory, were appealable as final when notice is given, as provided by section 30-1414, Comp. St. 1929. Our court has not decided the question, and it is here on first impression. The county court has exclusive, original jurisdiction over the probate of estates and settlement of accounts. In the instant case, upon showing made to the county court for services rendered by the executors and partial distribution made by such executors to the parties entitled thereto, the county court made several orders; due and proper notice was given as provided by section 30-1414, *supra,* in the settlement of administration accounts of the executors. Section 30-1601, Comp. St. 1929, provides for appeals from final order, judgment or decree. Our court is committed to the rule that such orders, as made by the county court in the instant case, are intermediate or interlocutory orders and very often are made *ex parte.* There is no decision in this state holding that statutory notice, as required by section 30-1414, *supra,* would make such order a final order.

We see no particular reason why the rule should be changed at this time. There may be criticism in that large estates, consisting of some considerable real estate, might be kept open indefinitely, to the loss of those interested in

the estate, and the estate might be divested of its assets, to the damage of the interested persons. This position is not well taken. Many protective remedies exist by virtue of statute and are entirely adequate to protect all parties in interest. Ordinarily, an adequate bond is required in large estates, regardless of the provision in the will to the contrary, as a means of protection both to the court and the parties interested, and the will is not conclusive in this respect. To permit appeals on many separate orders, as in the instant case, would lead to a multiplicity of suits and additional expense, and would result in appeals pending in different courts all at one time, thus unnecessarily delaying the progress of administering the estate. The heirs might, in situations as presented by the instant cases, especially where they charge negligence on the part of the executors, having authority under the will, in refusing to sell real estate, resort to an application for an order to show cause; then an application to remove the executors might be resorted to, and, on an adverse ruling thereon, appeal may be had. *In re Estate of Pope,* 75 Neb. 550, 106 N. W. 659; *In re Estate of Vohland, ante,* p. 77, 280 N. W. 241. Such application was filed in the instant case and no appeal taken.

In *In re Estate of Wilson,* 83 Neb. 252, 119 N. W. 522, this court held: "For services rendered by H. in a business way, such as collecting rents of real estate, paying taxes thereon, insuring property, and attending to repairs, it was within the discretion of the court, if the evidence established that such services were extraordinary, to allow H. a reasonable compensation." See, also, *In re Estate of Wilson,* 86 Neb. 175, 125 N. W. 158.

Section 30-1411, Comp. St. 1929, provides for the commissions, schedule allowed, and for extraordinary services. So we have sufficient authority for the allowance to the executors of a reasonable fee for extraordinary services.

Appellees cite section 30-1306, Comp. St. 1929, which provides: "Any person aggrieved by any order, decree, or denial of a court in pursuance of the provisions of this

article, may appeal therefrom as provided for in other cases." Appellees state that the appeal in the instant case is based on an order of distribution and the heirs are aggrieved. This section of the statute appears under article 13, entitled "Distribution of Estate." The reports of the executors request the right to make partial distribution; such distribution is in no sense final, is and at all times should be subject to review by the court having original and exclusive jurisdiction in such matters. Section 30-1306, *supra,* pertains specifically to decrees and orders of the county court, assigning the estate to persons by law entitled thereto, and directing distribution of the estate to heirs, legatees and devisees of the decedent. This section contemplates appeals from such decrees and orders, and from decrees and orders denying distribution. We believe that section 30-1601, Comp. St. 1929, is the provision governing appeals in probate and administration of estates.

The district court did not have jurisdiction to entertain the appeals, in the instant cases, from such orders sought to be appealed from, made by the county court for partial distribution and allowances of executors' fees. Such orders, under the law of this state, were interlocutory orders and not final orders, within the meaning of section 30-1601, Comp. St. 1929.

The executors rendered an account of their services from October 31, 1935, to February 15, 1937, including certain items of expense charged by the executors while in attendance on probate proceedings in the county court. April 5, 1937, appellees filed objections to the account, alleging that the executors had not filed an itemized statement as to their services and had performed no extraordinary services; alleging further that an appeal was pending in the district court by the appellees to have the executors refund certain fees. The county court made an allowance of additional fees to the executors for services rendered from August 21, 1934, to date, in the amount of $1,650. Subsequently, the appellees filed additional objections in the county court,

setting forth certain specific objections and, in addition thereto, alleging negligence on the part of the executors in handling the real estate, particularly in refusing to accept offers of purchase of the real estate. The county court overruled all of the objections filed by the appellees; hence the appeals. In the district court the executors filed a motion to dismiss the appeals from such orders of the county court. The motion to dismiss the appeals in the district court should have been sustained for the reasons given in this opinion.

The judgments of the district court are hereby

REVERSED.