In RE ESTATE OF ARTHUR W. BERGER, DECEASED.
JACQUES F. BERGER, EXECUTOR OF THE ESTATE OF ARTHUR
W. BERGER, DECEASED, APPELLANT, v. LOUISE ACKLEY
BERGER ET AL., APPELLEES.
178 N. W. 2d 585

Filed June 26, 1970. No. 37562.

Herman Ginsburg and Russell A. Souchek, for appellant.

Blevens and Bartu, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and CHADDERDON, District Judge.

McCOWN, J.

This is an appeal from an order of the district court dismissing an appeal from an order of the county court of Seward County, Nebraska, determining heirship and directing a partial interim distribution of the assets of an estate.

Arthur W. Berger died February 20, 1969, and his will was admitted to probate on March 27, 1969. The appellant here is the duly appointed, qualified, and acting executor of the estate. Arthur Berger's will left all of his property to his wife, Julia May Berger, who had predeceased him. Settlement of her estate was also in process. In the course of the proceedings in Arthur Berger's estate, a petition was filed in the county court by the decedent's sister and a niece praying for a determination of heirship and for the interim distribution of 845 shares of stock of Triangle Industries to the residual heirs-at-law. No bond was filed under the provisions of section 30-1304, R. R. S. 1943.

The petition alleged that there was sufficient property in the estate to pay all legacies, claims, estate and in-

heritance taxes, and expenses and costs of administration, although the time for final settlement of the estate had not yet expired. The executor's answer denied those allegations of the petition and also alleged that the statutes of Nebraska did not authorize distribution of the assets of the estate; and that the shares of stock were personal property and were subject to determination and lien of inheritance and estate taxes and all administration costs in both the estate of Julia Berger and the decedent, none of which had been determined. It was also alleged that appraisement for inheritance tax or other purposes had not been determined or completed, and prayed that the petition for determination of heirs and partial distribution be denied or continued pending completion by the executor of the duties enjoined on him by law.

On September 22, 1969, the county court entered its decree determining heirship and directing the distribution of the Triangle Industries shares to Louise Ackley Berger, Marie Berger Partridge, and William W. Berger, Sr., each one-third. The decree also found that the estate was possessed of sufficient assets, both real and personal, exclusive of such stock, for the payment of legacies, claims, inheritance and estate taxes, and expenses of probate and administration.

The executor, deeming himself aggrieved and prejudiced by the findings and decree, duly perfected his appeal to the district court and certified transcript was filed in the district court. Upon the filing of the transcript in the district court and before any pleadings were filed, a motion to dismiss the appeal was filed by the appellees on the ground that the order appealed from was interlocutory and not a final order. The district court sustained the motion to dismiss on that ground. The executor then perfected his appeal to this court.

There is no bill of exceptions and no question of fact involved here. The sole issue before this court is whether the judgment can be sustained on the face of the record

herein. The only issue is whether the district court had an appealable order before it.

Both parties rely upon the case of In re Estate of Lehman, 135 Neb. 592, 283 N. W. 199. That case involved the question of allowances of fees, costs, and expenses to the executors. It held that such allowances were interlocutory until the final closing of the estate. There was no question about any order of distribution to beneficiaries of the estate, nor was there any decree of heirship. The court in that case referred specifically to section 30-1306, R. R. S. 1943. That section provides: "Any person aggrieved by any order, decree or denial of a court, in pursuance of the provisions of sections 30-1301 to 30-1307, may appeal therefrom as provided for in other cases." The court in the Lehman case said: "Section 30-1306, supra, pertains specifically to decrees and orders of the county court, assigning the estate to persons by law entitled thereto, and directing distribution of the estate to heirs, legatees and devisees of the decedent. This section contemplates appeals from such decrees and orders * * *." A decree determining the heirs and the right of descent of real and personal property is by statute declared to be a final order and, unless appealed from, is binding and conclusive. See § 30-1712, R. R. S. 1943.

The appellees take the position that regardless of the nature of the decree of distribution, the executor is not "aggrieved." We do not agree. It is apparent that the executor will have a substantial tax liability in this case and that the tax can be paid only by disposing of property of the decedent. It is the duty of the executor to determine what property should be disposed of for the purpose of raising the necessary funds. He must exercise his discretion in making that decision. The value of corporate stock, where the company is a small closely held corporation, may be difficult to determine in any event, and particularly so for tax purposes. Even a sale does not necessarily settle the valuation issues.

There may even be tax claims against the decedent or his property which are not barred by notice to creditors. A decree such as that entered here gives the executor no leeway, allows for no judgment, and purports to order the surrender of specific nonfungible personal property which may be irreplaceable. This is done without any guarantee that such persons will, in the event remaining property of the estate is insufficient, pay or provide for the taxes. While such a decree may protect the executor from liability to the petitioning heirs, it does not eliminate the possibility that he may have to sacrifice other property to pay the taxes. Neither does it indemnify him from his possible personal liability for federal taxes. The executor and not the county court bears the possible personal liability for federal taxes.

This record does not establish that payment of taxes has been "provided for" as required by section 30-1304, R. R. S. 1943, but it does establish that no bond to indemnify the executor has been filed as required by that section. The executor should be entitled to a hearing to determine whether there are in fact sufficient assets in the estate to protect the executor from liability for inheritance and estate taxes and to determine whether sound discretion requires that such taxes be paid out of the particular property claimed by the petitioners.

Unless debts, allowances, expenses, and taxes have been paid or provided for, no heir, devisee, or legatee is entitled to a decree of distribution, partial or complete, unless the bond provided for in section 30-1304, R. R. S. 1943, has been given. Markle v. Markle, 120 Neb. 412, 232 N. W. 770. In Zimmer v. Gudmundsen, 142 Neb. 260, 5 N. W. 2d 707, at page 281, this court said: "Likewise a distribution of a portion of a residuary estate, the amount of the residue being dependent upon the expense of estate which has not been fully determined, cannot be sustained until ascertainment of the estate expense.

"It follows that the district court was in error in, in

effect, making distribution of the estate by its decree in absence of evidence of a decree of heirship, and in the absence of a showing of full and final costs and expenses of administration."

Under the circumstances disclosed by this record, we believe that the statutes do not contemplate a partial interim distribution without the filing of the bond required to indemnify the executor or administrator as required by section 30-1304, R. R. S. 1943.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.