IN RE ESTATE OF J. F. WORTMAN.
JOHN E. WORTMAN ET AL., APPELLANTS, V. EDWIN A.
FRICKE, SPECIAL ADMINISTRATOR, APPELLEE.

12 N. W. 2d 701

FILED JANUARY 14, 1944. No. 31703.

C. S. Wortman, W. L. Dwyer, A. L. Tidd and L. B. Fuller, for appellants.

Walter H. Smith and W. A. Robertson, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J..

This is an appeal by John E. Wortman, C. S. Wortman, Beth Barnes Gregg, Verna Barnes Pfeiffer and Selma Barnes Missner, appellants and objectors, from an order of the district court for Cass county, Nebraska, approving the final report of Edwin A. Fricke, appellee and special administrator of the estate of J. F. Wortman, deceased. This report and the objections thereto present the only issue to be determined here. The appellants contend that the regularity and propriety of the appointment of appellee as special administrator is also before the court but the record fails to sustain this contention.

J. F. Wortman died testate on November 28, 1938, while a resident of the state of Oregon. At the time of his death he had property in the state of Oregon and in Cass county,

and other counties in the state of Nebraska. The will was admitted to probate in Jackson county, Oregon, on December 8, 1938. Ancillary proceedings were instituted for the purpose of probate of the will in the county court of Cass county, Nebraska, by petition filed on or about June 5, 1939, by Harold W. Richards. Pursuant to this petition and nomination by the said Harold W. Richards, Edwin A. Fricke was duly appointed administrator with the will annexed of the estate of J. F. Wortman, deceased, on August 4, 1939. The appointment was objected to by appellants and from the order of appointment they promptly appealed to the district court. On September 9, 1939, Fricke was appointed special administrator of the estate and thereafter and until the order, which is the basis of this appeal, was entered proceeded to act in that capacity. The appeal from the order appointing Fricke administrator with the will annexed remained untried and undisposed of until August 12, 1941. On August 12, 1941, a stipulation with regard to the appeal was entered into and made a part of the records of the district court, as follows: "It is hereby stipulated by and between W. A. Robertson, Attorney for Harold W. Richards, petitioner, and C. S. Wortman, Attorney for objectors; that the appeal in this case shall be dismissed and said cause remanded to the County Court, with directions that the proceedings in the County Court be had to require the special administrator to make final report and that hearing be had upon said final report and final settlement of his accounts and said estate settled thereon without the appointment of a regular administrator." Order was entered pursuant to this stipulation and the matter remanded to the county court.

In pursuance of this stipulation and the order thereon and mandate to the county court by the district court, Edwin A. Fricke, special administrator, filed his report. The county court approved the report. Appeal was taken to the district court from the action of the county court. On hearing in the district court the report was approved in part and disapproved in part. The appeal here is from this order of the district court.

The special administrator without question accounted for all of the money coming into his hands. The only questions are as to certain disbursement for administration expense and a claim that interest should be accounted for on funds coming into his hands. As expense of administration the county court allowed the following: Court costs, $91.10; administrator's fees, $79.76; administrator's expense, $10; and attorney's fees, $125. The district court reduced the cost item by $17.42 and with that change approved the report. Appellants object to the items allowed.

The objection is not that the items of costs were not proper or that the fees were excessive, but that the special administrator was an interloper, had no right to his appointment and that the fees were improper under special administration, and that the county judge was biased and prejudiced and thereby disqualified.

If we were to assume or to find from the record, which we do not, that the special administrator in the beginning was an interloper and that the county judge was prejudiced, still that would avail appellants nothing.

By their stipulation on which the court acted appellants have not only waived objection to the appointment but have specifically approved the manner of handling and the closing of this estate. They will not now be permitted to complain that the proceedings were irregular.

The basis for the charge that the county judge was prejudiced is the fact that he appointed as special administrator the person from whose appointment as administrator with the will annexed appellants were appealing. The appeal was not based upon an allegation of incompetency of Fricke but on the ground that there was no need for administration and the further ground that appellants had the right of nomination which was denied them. It is evident that the court concluded otherwise and with that conclusion we are in accord. In the light of the conclusion arrived at with regard to the necessity for probate of the will and in the light of the appeal from the appointment of an administrator with the will annexed the county judge had not only the

right but was under the duty to appoint a special administrator. Comp. St. 1929, sec. 30-316. The appointment of a special administrator is a function to be performed by the county judge without any statutory direction that he look to any interested party for nomination. In this wise the county judge acted and in the light of the manner in which the special administrator performed his trust it cannot be said that discretion was abused. There is nothing on which a finding of prejudice could be grounded.

Even in the absence of the stipulation it would still be necessary to hold that there was no irregularity. One assertion of irregularity is based upon the claimed right of next of kin to nominate an administrator. No executor was named in the will, hence the county court was required to proceed to the appointment of an administrator with the will annexed as if J. F. Wortman had died intestate. Comp. St. 1929, sec. 30-306. So proceeding, the right of the widow or next of kin to nominate a suitable person to administer the estate existed for a period of 30 days. Comp. St. 1929, sec. 30-314. No effort was made to secure the appointment of an administrator until April 21, 1939. It follows that this failure to nominate within 30 days by the next of kin barred them of any such right thereafter. There were no creditors, therefore by the specific terms of statute it was proper for the county court to commit administration to any person found by the county judge to be a proper person to administer the estate. Comp. St. 1929, sec. 30-314.

It is contended that the appointment of an administrator was improper for the reason that there was no necessity for administration. The basis for the contention is that the estate was solvent and that all claims were paid or payable out of the original probate in Oregon, that there was no personal property in Nebraska but only real estate which descended directly in accordance with the terms of the will.

This contention fails to take into consideration the terms of the will. The will contained a provision for payment of expense of last illness, funeral expenses and just debts and one specific bequest of $1,000. After payment of these

items it placed the rest, residue and remainder of the estate in trust with the Medford National Bank, Medford, Oregon, as trustee, for the use and benefit of the widow of J. F. Wortman during her lifetime, with power of sale in the trustee. None of the residue was subject to distribution until the death of the widow. Obviously necessity existed to administer, preserve, and protect the trust in order that the income might be paid to and for the benefit of the widow under the terms of the will. The contention of appellants in this connection is without merit.

The proposition that the special administrator should be charged with interest under the circumstances such as are disclosed by this record finds no support in the decisions. By the stipulation referred to the same duties and liabilities devolved upon him as would have devolved upon an administrator with the will annexed. As administrator with the will annexed Fricke would not have been chargeable with interest. The applicable rule is stated in the eighth point of the syllabus in *In re Estate of Wilson,* 97 Neb. 780, 151 N. W. 316, as follows: "An administrator is not chargeable with interest on money which he holds as administrator subject to the order of the court, unless he received interest thereon, or the circumstances are such that he might and ought to have received such interest."

The briefs of appellants, for the most part, instead of being a discussion of pertinent issues of law and of fact, are a personal attack upon the judicial and personal integrity of A. H. Duxbury, county judge of Cass county, Nebraska, and the personal and professional integrity of W. A. Robertson, attorney for the administrator. From a careful examination of the record we do not hesitate to say that these attacks are made without the slightest bit of excuse or justification.

The conduct of attorneys for appellants in thus attacking an able and respected judicial officer of the state and a capable and highly respected member of the legal profession under the guise of presentation of litigable issues should not and does not escape the censure of this court.

An attorney's fee of $100 is allowed against the estate for services for attorneys for appellee in this court.

The judgment of the district court is affirmed.

AFFIRMED.